Teresa Darlene COOPER, Plaintiff-Appellant,

v.

Harold Ray COOPER, Jr., Defendant-Appellee.

Court of Appeals of Tennessee, Eastern Section.

Feb. 7, 1984.

Permission to Appeal Denied by Supreme Court April 30, 1984.

Kenneth L. Miller, Cleveland, for plaintiff-appellant.

James F. Logan, Jr., of Logan & Bates, Cleveland, for defendant-appellee.

## OPINION

SANDERS, Judge.

The Plaintiff has appealed from a judgment in her divorce case, complaining of the award of the custody of her minor children to their paternal grandparents.

The Plaintiff-Appellant, Teresa Darlene Cooper, and the Defendant-Appellee, Harold Ray Cooper, Jr., were married their first time in 1976 and divorced in 1979. Two sons were born to this union, Joshua, now aged seven, and Johnathan, now aged five. The parties were remarried in April,

---

1980. To this marriage was born a daughter, Shauna, now about two years of age. The parties separated in November, 1982, and the Plaintiff sued the Defendant for a divorce on the grounds of cruel and inhuman treatment. In her suit the Plaintiff asked for the custody of the children, child support and temporary alimony.

The Defendant answered the complaint and filed a cross-bill asking for a divorce on grounds of cruel and inhuman treatment. He also sought custody of the children.

After the separation of the parties and until January 27, 1983, the Plaintiff had physical custody of the children. It is stated in the briefs of the parties that on January 27 the matter was set before the court but the Plaintiff was not present, although her attorney was there. On that occasion, without hearing any proof and for reasons that are not shown in the record, the court entered an order removing the custody of the children from the Plaintiff and awarding their temporary custody to the parents of the Defendant, Mr. and Mrs. Harold Ray Cooper, Sr.

Some 30 days later the case was tried on its merits and, although the court granted the Plaintiff a divorce, he awarded custody of the children to their paternal grandparents. The court awarded the Plaintiff visitation privileges with the children every other weekend from 6:00 p.m. on Friday until 10:00 p.m. on Sunday, and on alternate weekends from 6:00 p.m. on Friday until 6:00 p.m. on Saturday. The parties were given visitation privileges on alternating holidays and the Plaintiff was given the children for one week during Christmas and six weeks during summer vacation.

At the time of the divorce the Defendant was living in the home of his parents and, although the court granted him visitation privileges, the court provided his visitations be under the supervision of his parents. The court further provided that if the Defendant moved out of his parents' home any overnight visitation with the children be exercised at his parents' home.

The Plaintiff has appealed, insisting the court was in error in granting the custody of the children to the grandparents instead of to her.

In the case of *Stubblefield v. State, ex rel.,* 171 Tenn. 580, 106 S.W.2d 558 (1937) the court, in addressing the issue of the right of the natural parent to the custody of a child as against that of some other person, said:

> " 'A parent who is of good character and a proper person to have the custody of the child and is reasonably able to provide for it ordinarily is entitled to the custody as against other persons and this rule applies although such others are much attached to the child and the child is attached to them, and prefers to remain with them, and they are in all respects suitable to have the custody of the child and able to support and care for it, or even though they are better able to afford the child material advantages.' "

The court went on to observe that ordinarily the court will not deprive a parent of the custody of their child unless the parent is affirmatively unfit. However, the court also recognized that the natural rights of the parent must give way to the manifest best interest of the child.

In the case of *Smith v. Smith,* 188 Tenn. 430, 220 S.W.2d 627 (1949) the court, in addressing the issue, said:

> "Under modern law it is universally held that the parent has no absolute right to the custody of his own child. The courts uniformly have held that the question is the welfare of the child."

The marriage of the Plaintiff and Defendant was a stormy one. It was marked with numerous separations, apparently brought on by the physical abuse of the Plaintiff by the Defendant. There was also apparently bitter feeling among the families of the parties, particularly between the Defendant and the Plaintiff's mother. However, we fail to find any proof in the record that persuades us to find that the Plaintiff was not a good mother to the children. Nor is there any proof which would adversely reflect on the Plaintiff's moral character or social standards.

There is proof, however, that raises doubts about the Defendant as a desirable father. There is uncontradicted proof to the effect that he was extremely harsh in his discipline of the children. There is proof he whipped one of the children with such force that the print of his hand remained on the child's buttocks for a period of time. He was so harsh he wouldn't permit the children to cry when he disciplined them and the children were very fearful of his punishment. There is also proof to the effect that Defendant may have sexually molested the daughter. Although the Defendant denied that he had, apparently the trial court was sufficiently convinced that he restricted the Defendant's visitation rights with the children to the supervision of his parents and denied him overnight visitation with the children except at the parents' home.

██ In our *de novo* review of this case, as we are required to do, see *Smith v. Smith*, 188 Tenn. 430, 220 S.W.2d 627 (1949), we are concerned about certain facts that the record fails to show which we consider essential to the awarding of a child's custody to parties other than its natural parents. The record fails to show why the court awarded the custody of the children to Mr. and Mrs. Cooper. They were not parties to the suit and neither the Plaintiff nor the Defendant requested that the children be placed with them. There is no showing the Coopers asked for the custody of the children. There is no showing what their previous relationship was with the children. There is no proof as to the desirability of the home, their age, health, financial condition or anything else with respect to the desirability of placing the children with the Coopers.

██ There are a number of cases in this jurisdiction which hold that, except in extraordinary circumstances, a mother should have the custody of children of tender years and normally such children will not be taken away from the mother unless it is *demonstrated that to leave the children* with the mother would jeopardize their welfare in both a moral and physical sense.

*Mollish v. Mollish,* 494 S.W.2d 145 (Tenn. App.1972); *Long v. Long,* 488 S.W.2d 729 (Tenn.App.1972).

The children here are of tender years and we find nothing in the record which would justify a holding that to leave them with the Plaintiff would jeopardize them in a physical or moral sense.

The issues are found in favor of the Appellant. The judgment of the trial court is modified to award the custody of the children to the Plaintiff. The case is remanded for the trial court to fix child support and visitation rights of the Defendant and for the entry of a decree in keeping with this opinion. The cost of this appeal is taxed to the Appellee.

PARROTT, P.J., and GODDARD, J, concur.