Barbara Elaine Mabry HENDERSON, Deceased, and David D. Henderson, Petitioners/Appellees,

v.

Gary Thomas MABRY, Respondent/Appellant.

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 13, 1992.

Application for Permission to Appeal by Supreme Court Aug. 24, 1992.

Tyree B. Harris, IV and Katherine A. Brown, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, for respondent/appellant.

Phillip Robinson, Nashville, for petitioners/appellees.

OPINION

TODD, Presiding Judge.

This is a post-divorce decree child custody proceeding in which custody of two minor children was committed to the stepfather, and the father appealed to this Court, presenting a single issue as follows:

> Whether the trial court erred in failing to give proper weight to the clear legal mandate that the right of a parent to the custody of his child is paramount to that

of an unrelated third party, especially when the only surviving natural parent is declared to be fit.

The step-father presents an additional issue as follows:

Whether the Trial Court erred in setting child support in this case below the Tennessee State Child Support Guidelines without specifically finding that the facts of the case justified a deviation from the Guidelines.

–Background, Facts and Procedure–

Gary Thomas Mabry and Barbara Elaine Mabry were married on May 28, 1975, at which time Barbara had and retained custody of two daughters by prior marriages. Two children were born of the marriage of Gary and Barbara Mabry, namely Gary Thomas Mabry, II and Candace Rochell Mabry, who are the subjects of this dispute.

Gary and Barbara were divorced by decree entered on June 24, 1985, in which, by agreement of the parties, custody of Gary, II, aged 7, and Candace, aged 4, was committed to the mother, Barbara, with reasonable visitation privileges to the father who was ordered to pay $200.00 per month child support.

In October, 1985, Barbara and the two children moved into the home of David D. Henderson, whom she had been "dating" since 1984. They continued in this residence until December 14, 1989, when Barbara Mabry and David D. Henderson were married. After the marriage, Barbara and the children continued to live with David D. Henderson.

On December 6, 1990, Barbara and David Henderson filed a petition for increased child support and for award of absolute custody of the two children to them or to David D. Henderson alone.

On December 16, 1990, Barbara Mabry Henderson died. On December 17, 1990, David D. Henderson filed an amended and supplemental petition for custody, and child support. By temporary restraining order, David D. Henderson was permitted custody of the children until the hearing.

By counter-petition, the father, Gary Thomas Mabry, sought exclusive custody of the children.

On August 1, 1991, the Trial Court entered its judgment stating:

That the respondent Gary Thomas Mabry did in fact molest a step-child living in his home sixteen (16) years prior to the trial of this cause. The Court finds that this was an isolated incident and that the Court's ruling in this cause is not based on that one (1) incident.

The Court finds that the petitioner David Henderson has been an excellent step-parent and offers a stable home and has a past history of making an excellent home for step-children.

That the minor children in question feel comfortable with the petitioner David Henderson. That the minor children have gone through a tragedy with the loss of their mother in December of 1990. That they seem to be coping well with the loss of their mother. That they are making good grades. That the minor children have feelings for their natural father although they do not know him well at this time.

That the respondent Gary Thomas Mabry has presented to the Court a short history of providing a stable home. That there is no evidence that he didn't have a semi-stable home with the mother of these children while they lived together.

That there is evidence that the respondent was guilty of spousal abuse and possible abuse of his step-children although the Court finds that he has never molested or abused his own children.

That all of the parties including the minor children's half-sisters Robin Glover and Rhonda Yarbrough should be enjoined and restrained from making derogatory comments about one another or from discussing any past incidents of physical or sexual abuse with the minor children.

. . . .

The Court concludes that the doctrine of parental rights and the child best interest doctrine are in conflict in this cause.

That the Court should rely on the doctrine of comparable fitness between the natural father and the step-father. That based on the testimony of the witnesses herein and the circumstance of the parties' minor children, the circumstances of the parties in the past and the present circumstances of the parties hereto, it is in the best interest of the minor children that custody of said children remain with the petitioner David Henderson at this time.

. . . .

It is therefore ORDERED, ADJUDGED and DECREED that all the parties hereto and the minor children's half-sisters Rhonda Yarbrough and Robin Glover are all ENJOINED and RESTRAINED from making derogatory comments about the parties hereto or from discussing any past abuse or sexual misconduct with or in the presence of the minor children.

It is further ORDERED, ADJUDGED and DECREED that absolute custody, care and control of the two (2) minor children to wit: Candace Mabry and Gary Thomas Mabry, II, is awarded to the petitioner David Henderson.

The judgment provided a detailed schedule of visitation with the father, and ordered him to pay $200.00 per month child support to David D. Henderson.

−First Issue: Custody−

In *Dunavant v. Dunavant,* 31 Tenn. App. 634, 219 S.W.2d 910 (1949), the contest was between a father and a maternal grandmother over the custody of a five year old female child. At the time of the divorce, the father was unable to care for the child and agreed that she be placed in the custody of the maternal grandmother. When the father became able to provide a home for the child, he petitioned for custody. The Trial Court denied the petition. This Court reversed, granted the petition and said:

In *Stubblefield v. State, ex rel,* 171 Tenn. 580, at pages 586 to 589, 106 S.W.(2D) 558, 560, it was said:

. . . .

"It is our opinion, however, that the facts should be considered well and the court would not be justified to disregard or fail to properly weigh considerations of parental right. The parent's right is certainly paramount, other considerations being equal. A father is *prima facie* charged with the proper care and is entitled to custody of his child unless that custody is resisted on grounds that he is not fit for the trust, and the objection can only be sustained by a clear preponderance of convincing proof. The presumption is in his favor in the absence of a clear showing that he is disqualified for the proper discharge of parental duty. The court cannot lightly, and without good cause, invade the natural right of the parent to the custody, care, and control of his infant child.

. . . .

" 'In accordance with the prevailing rule in the American courts, that in awarding the custody of children the paramount consideration is the welfare of the child, rather than the technical legal right of the parent. While this is true, yet the court should not lightly and without good cause invade the natural right of the parent to the custody, care, and control of his infant child.'

. . . .

" '*Prima Facie,* however, the right of custody is in the father; and when the application is resisted upon the ground that he is unfit for the trust, by reason of grossly immoral conduct, harsh usage of his child, or other cause, a proper regard to the sanctity of the parental relation will require that the objection be sustained by clear and satisfactory proofs.'

. . . .

" 'A parent who is of good character and a proper person to have the custody of the child and is reasonably able to provide for it ordinarily is entitled to the custody as against other persons and this rule applies although such others are much attached to the child and the child is attached to them, and prefers to remain with them, and they are in all respects suitable to have the custody of the child and able to support and care for it,

or even though they are better able to afford the child material advantages.'
31 Tenn.App. pp. 644–647, 219 S.W.2d 910.

In *Bush v. Bush*, (Tenn.App.1984), 684 S.W.2d 89, this Court held that, until it be shown that neither parent is a fit custodian, it is improper to consider entrusting custody to a non-parent, citing authorities. In the same opinion, this Court held that a determination of custody does not amount to a "vesting", but is an entrustment until further order of Court.

In *Cooper v. Cooper*, (Tenn.App.1984), 673 S.W.2d 152, this Court held that, ordinarily a Court should not deprive a parent of custody unless the parent is affirmatively unfit.

In *Holloway v. Bradley*, 190 Tenn. 565, 230 S.W.2d 1003 (1950), the father was found to be temporarily unfit, but, upon recovery of his fitness, the father was permitted custody of the child who had resided with a grandmother.

■ The unfitness of a parent to have custody of a child must be shown by a clear preponderance of convincing proof. *Stubblefield v. State, ex rel, Fjelstad*, 171 Tenn. 580, 106 S.W.2d 558 (1937); *Dunavant v. Dunavant, supra.*

■ While the parentage of a child is a major, and often determinative, factor in deciding who shall have custody of a child, the overriding issue is what is in the best interest of the child. *Lentz v. Lentz* (Tenn. 1986), 717 S.W.2d 876 and authorities cited therein.

However, this principle does not operate to deprive a natural parent of custody merely because a non-parent is in position financially or otherwise to offer benefits to the child which the natural parent is unable to offer.

■ A child whose natural parent is not an unfit custodian should not be entrusted to the custody of a non-parent except in unusual exigent and compelling circumstances.

The judgment of the Trial Court, quoted above, stated:

I am not convinced that Mr. Mabry is an unfit parent....

This Court agrees that Mr. Mabry has not been shown to be unfit by a "clear preponderance of convincing proof".

■ Under the holding of the above authorities, the children should be entrusted to the custody of their father unless exigent and compelling circumstances require otherwise.

It is uncontroverted that, for six years, the children have lived in the home of David D. Henderson, who has been a good step-father to them, and that there is a bond of affection, trust and dependence between the children and David D. Henderson, which is especially important to the children following the tragic loss of their mother.

This Court concurs with the conclusion of the Trial Court that, under the circumstances, it would be injurious to the children to remove them at this time from the familiar and favorable environment which they have occupied for six years.

As stated by the Trial Court, the children have feelings for their natural father, although they do not know him well at this time. If fully utilized by the father, the liberal visitation provided in the judgment will provide the means of an enhancement of the knowledge of and feelings for their father by the children. If the congenital bonds of blood are augmented by a developed bond of knowledge, trust and affection, these children may ultimately prefer to be in the custody of their natural father. Certainly no impediment to this development should exist.

It appears that the children are now aged eleven and fourteen, respectively. Increasingly, their wishes will strongly influence if not determine where their residence should be.

In conformity with the foregoing, the judgment of the Trial Court in respect to custody is modified to delete therefrom the words "absolute custody, care and control", and to substitute therefor the words, "temporary custody" and to substitute the word "entrusted" for the word, "awarded". The intent of this modification is to assure full consideration of entrusting custody of

the children to their natural father so long as he is a fit custodian and when the present exigent circumstances no longer require custody in another.

### –The Injunction–

■ The judgment, quoted above, undertook to enjoin certain conduct of Rhonda Yarbrough and Robin Glover, who do not appear to be parties to this cause or to have had any opportunity to participate in the proceedings except as witnesses. They were not subject to the injunctive jurisdiction of the Trial Court. *Kerr v. White*, 66 Tenn. (7 Baxter) 394 (1874).

Pursuant to T.R.A.P. Rule 13(b), this Court takes notice of this situation, and the judgment is modified to delete the injunction against Rhonda Yarbrough and Robin Glover.

### –Child Support–

The petition before the Trial Court requested an increase of child support, but no increase was decreed.

■ Defendant insists that the denial of an increase of child support is not properly before this Court because no notice of appeal was filed by the intervening petitioner, the step-father. Cross-appeals, separate appeals, and separate applications for appeal are not required. T.R.A.P. Rule 13(a). It is the intention of this rule that only one notice of appeal be filed and that the right of cross-appeal shall exist without notice of cross-appeal. *Edwards v. Hunt*, (Tenn. App.1982), 635 S.W.2d 696.

The issue of child support is sufficiently presented to this Court by appellee's statement of issues.

■ The judgment of the Trial Court denied the requested increase in child support. The sole ground presented in the record and cited in appellee's brief is the evidence of defendant's income which, under prevailing guidelines, raise a presumption that the proper amount of support would be $361.58 per month.

A substantial and material change of circumstances is required to justify a change in a child support order. T.C.A. § 36–5–101(a)(1).

The Child Support Guidelines, Chapter 1240–1–4 of the Rules of the Child Support Division of the Tennessee Department of Human Services state in Rule 1240–2–4–02(3):

These guidelines shall be applicable in any action to establish or modify child support, whether temporary or permanent. However, the promulgation of these guidelines shall not be considered a substantial and material change of circumstances that would justify the modification of a child support order.

The promulgation of the guidelines since the former determination of the amount of child support does not provide the required substantial and material change in circumstances.

Neither does the record change of custody from the deceased mother to her husband *ipso facto* provide such a change in circumstances. The record contains no evidence that the death of the mother has resulted in increased cost of care of the children.

In the absence of evidence of a substantial and material change of circumstances, there was no occasion for the Trial Court to consider a change in the amount of child support, nor is there any basis for this Court to do so. The amount of child support as continued by the Trial Court will not be disturbed.

The judgment of the Trial Court is modified to conform to this opinion and, as modified, it is affirmed. Costs of this appeal are taxed equally; that is, one-half will be paid by the defendant, and one-half will be paid by the intervening petitioner. The cause is remanded for further proceedings.

Modified, Affirmed and Remanded.

LEWIS and CANTRELL, JJ., concur.