In re ADOPTION OF FEMALE CHILD.

George Bartlett BOND, Jr., and
Janice C. Bond, Petitioners,

v.

Gordon Scott McKENZIE and
Melissa McKenzie Meeks
(Argo), Respondents.

Supreme Court of Tennessee,
at Knoxville.

March 20, 1995.

Rehearing Denied April 5, 1995.

Lawrence F. Giordano, Susano, Sheppeard, Giordano & Swanson, Knoxville, for petitioner.

Charles W. Burson, Atty. Gen. and Reporter, Dianne Stamey Dycus, Sr. Counsel, Nashville, Neil G. McBride, Oak Ridge, for respondent.

*OPINION*

REID, Justice.

This case presents for review the competing claims of the mother of an infant and a couple who have custody of and have petitioned to adopt the child. The record requires that the decision of the Court of Appeals denying the mother custody be reversed and that the petition for adoption be dismissed.

The child was born in May 1987. The mother was awarded custody of the child and her two brothers when she was granted a divorce from their father. Because of the child's medical problems, the mother was not able to place her in a day care facility with her other two children. Believing that she could not take proper care of the child, the mother asked the adoptive couple, who had cared for other children for short periods of time, to assume temporarily the responsibility of caring for the child, who then was eight and one-half months old.

One month later, in March 1988, the adoptive couple filed a petition in the juvenile court seeking custody of the child. The mother, under the mistaken belief that the purpose of the petition was to authorize medical care for the child and being unaware that the adoptive couple was seeking legal custody, joined in the petition, which was granted by the juvenile court. However, three days later, the mother, having learned the real purpose of the juvenile court proceedings, joined in a petition filed by her mother, the child's maternal grandmother, seeking custody of all three of the children. The child's paternal grandparents also filed a petition seeking custody of the children. The parental rights of the father were terminated upon entry of a judgment by default.

Because a stay order was entered by the Court of Appeals, the adoptive couple has

had physical custody of the child since February 1988, except for a brief period in 1989 when the child was in the custody of the paternal grandparents, even though legal custody of the child was awarded to the mother in 1991.

The court proceedings in this case include various petitions, motions, and hearings in the juvenile, circuit, and chancery courts of Anderson County and the Court of Appeals, involving the mother, the maternal grandmother, the adoptive couple, the paternal grandparents, and the Department of Human Services. This tangle of court proceedings demonstrates the imperfection of the design of the judicial system for the effective and efficient disposition of cases involving children. This case is a classic example of the fragmentation of legal and factual issues among several courts causing the delay and, at least, a partial denial of justice.

However, the only proceedings that need be noted on this appeal are the findings and judgment of the chancery court, entered on August 3, 1992, from which an appeal was taken to the Court of Appeals, and the decision of the Court of Appeals rendered on December 10, 1993. The ultimate issues on which the case was heard in the trial court were the adoptive couple's insistence in their petition for adoption that the mother had abandoned the child and the mother's insistence on her petition that she was entitled to exclusive custody.

The trial court found that the mother had not abandoned the child and dismissed the petition for adoption. With regard to custody, the trial court stated:

> I am confronted with making a determination of where this child should be placed when evidence convinces me that the mother has not sufficiently prepared herself to parent this child and I have also been provided evidence which convinces me that the [adoptive couple's] home is not an appropriate home in which this child should reside.

The court awarded custody to the mother, conditioned upon her receiving appropriate training in parenting and psychological counseling. The Department of Human Services was given temporary custody pending the mother's compliance with those conditions.

The Court of Appeals concurred in the trial court's finding that the mother had not abandoned the child, but reversed the trial court's award of custody, finding that the child's best interest would be served by her remaining in the custody of the adoptive couple.

Resolution of this case does not require consideration of the issue of the child's best interest. The trial court and the Court of Appeals made a concurrent finding regarding the determinative issue—abandonment. They found there is no clear and convincing evidence that the mother has demonstrated a conscious disregard or indifference to her parental obligations. *See Ex parte Wolfenden,* 49 Tenn.App. 1, 349 S.W.2d 713 (1959); *Adoption of Bowling v. Bowling,* 631 S.W.2d 386, 389 (Tenn.1982). The record supports that concurrent finding of law and fact.

The adoptive couple insists that the best interest of the child may require that custody be awarded to a non-parent even though the natural parent has not been found to be unfit. As explained in *Hawk v. Hawk,* 855 S.W.2d 573 (Tenn.1993) and *Nale v. Robertson,* 871 S.W.2d 674 (Tenn.1994), that argument is untenable as both a violation of statutory and constitutional law, as well as the common law in Tennessee.

■■■ Tennessee courts have historically held that,

> a parent is entitled to the custody, companionship, and care of the child, and should not be deprived thereof except by due process of law. It is a natural right, but not an inalienable one. The parents are trusted with the custody of the child upon the idea that under the instincts of parental devotion it is best for the child.

*Hawk v. Hawk,* 855 S.W.2d 573, 577 (Tenn. 1993) (quoting *State ex rel. Bethell v. Kilvington,* 100 Tenn. 227, 236, 45 S.W. 433, 435 (1898)). In *Nale v. Robertson,* 871 S.W.2d 674, 680 (Tenn.1994), the Court stated:

> This Court found in *Davis v. Davis,* 842 S.W.2d 588, 600 (Tenn.1992), that "there is a right of individual privacy guaranteed under and protected by the liberty clauses of the Tennessee Declaration of Rights." This constitutional right of privacy includes parental rights.

**548**

In light of this right to privacy, we believe that when no substantial harm threatens a child's welfare, the state lacks a sufficiently compelling justification for the infringement on the fundamental right of parents to raise their children as they see fit.

*Hawk v. Hawk,* 855 S.W.2d 573, 577 (Tenn. 1993); *see also Broadwell v. Holmes,* 871 S.W.2d 471 (Tenn.1994).

Therefore, in a contest between a parent and a non-parent, a parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substantial harm to the child. Only then may a court engage in a general "best interest of the child" evaluation in making a determination of custody.

The case is remanded to the trial court for entry of an order whereby custody will be transferred to the mother unconditionally. The trial court will determine and monitor an expeditious schedule for transferring physical custody of the child to the mother and require the cooperation of all parties.

The costs are taxed against the adoptive couple, George Bartlett Bond, Jr., and Janice C. Bond.

ANDERSON, C.J., DROWOTA and BIRCH, JJ., and O'BRIEN, Special Justice, concur.

### ORDER ON PETITION FOR CLARIFICATION AND/OR FOR REHEARING

REID, Justice.

The Court has considered the Petition for Clarification and/or for Rehearing filed in the above case in the Supreme Court at Knoxville on March 30, 1995. The Court is of the opinion that the Petition for Clarification and/or for Rehearing should be denied.

It is further ordered that the trial judge's opinion and findings be unsealed and placed of public record.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ., concur.