**Hugh PETROSKY, Petitioner–Appellant,**

v.

**Vanessa KEENE, Louise Keene and Brandon Scott Keene, Respondents–Appellees.**

Supreme Court of Tennessee, at Knoxville.

May 1, 1995.

Thomas C. Jessee, Johnson City, for petitioner-appellant.

Elizabeth L. McConnell and John Parham Chiles, Kingsport, Thomas F. Bloom, Nashville, for respondents-appellees.

## OPINION

REID, Justice.

This case presents for review the competing claims of Hugh Petrosky, the natural father of Brandon Scott Keene, who now is 10 years old and resides with his father, and Louise Keene, the child's maternal grandmother. The Juvenile Court of Sullivan County awarded custody to the father. The Court of Appeals reversed and awarded custody to the grandmother. The record requires that the decision of the Court of Appeals denying the father custody be reversed and that the father's petitions for legitimization and custody be granted.

■ The child was born in September 1984 in Kingsport, Tennessee. In January 1986, the father, who because of his work had moved from Kingsport to New York in May 1985, had blood tests performed which confirmed the statement of the mother, Vanessa Keene, that he was the father. The father began sending the mother $100 per month for support of the child. He gave the child presents at Christmas and on his birthday, and he visited the child several times each year while he lived in New York.

The legal proceedings began with a petition filed in the Juvenile Court of Sullivan County by the grandmother, alleging the child to be abandoned and neglected within the meaning of Tenn.Code Ann. § 37–1–130 (1991). The mother apparently contested the petition, but the father had no notice of the proceeding. The juvenile court awarded temporary custody to the grandmother. When advised by the grandmother that she had custody of the child, the father sent support payments to the grandmother (later increasing the monthly payments to $120 per month) and undertook to make available to the child medical benefits incident to his employment. The father's financial resources at that time were severely limited.

In 1989, the father, who worked for Proctor and Gamble, married. Soon after his marriage, he was transferred by his employer from New York to Memphis. During the summer of 1989 the child spent several weeks with his father and his father's wife in Memphis, and they visited the child several times in Kingsport. During this time the father consulted a lawyer about obtaining custody of the child.

In October 1989, the father filed a petition for custody and legitimization in the Chancery Court of Sullivan County and increased the monthly payments to $550 per month. Despite the grandmother's opposition, the court granted the father's petition, and physical custody of the child was transferred to the father. However, the Court of Appeals found that the chancery court did not have jurisdiction of the case and reversed the decision, causing the child to be returned to the grandmother after having lived with his father, his stepmother, and their two small children for seven months.

When the decision granting the father custody of the child was reversed, the father discontinued making support payments, but the child continued to visit with the father and his family once each month. After the father was transferred by his employer to North Carolina in March 1992, he visited the child even more frequently.

In February 1993, the father filed in the Juvenile Court of Sullivan County another petition seeking the custody and legitimization of the child. The petition named as parties the mother, the grandmother, and the child, for whom a *guardian ad litem* was appointed. The juvenile court declared Petrosky to be the father and awarded him custody. That court's findings included the following:

> The father's efforts in this case have been less than full, but he has shown interest in the child. The Court believes that "best interest of the child" is the proper basis for decision here but would reach the same decision even under a test of "parental unfitness." Hugh Petrosky is not unfit for custody, and the best interest of the child requires placement of the custody with the father. The father is married,

and the marriage has existed and been stable for several years. The stepmother has appeared in court and affirmed her regard for the child and her willingness to receive the child into the family. There are half-siblings of Brandon Keene in this family, and there is acquaintance between Brandon Keene and the members of this family. The family has a substantial home and income and has shown an interest in the child's education. There have been efforts, though not totally sufficient, toward the support of the child. There has been routine contact at holidays with the child. The father has also expended time, money, and effort in pursuit of his legitimation and custody once he began.

> On the other hand, the grandmother, Louise Keene, is alone as there is no grandfather in the home. The grandmother is also subject to Lupus, a disease which is under control with medication. The mother of the child is a severe alcoholic and drank as recently as one week before. The mother resides with the grandmother, and child and still is left in charge of the child part of the time. She states, however, that she is not allowed to be in the home when drinking.

The Court of Appeals reversed the award of custody, finding that the evidence "seem[s] to preponderate against a finding that Mr. Petrosky took the steps necessary to be a responsible parent to this child" as required by *Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983), to be mantled with constitutional rights as a parent; that without the strong presumption that the natural parents are the appropriate custodians, the grandmother would be awarded custody; and further that even allowing such a presumption, the grandmother should obtain custody because awarding custody to the father would jeopardize the child's health and safety. However, that court allowed the child to remain in the physical custody of the father pending this appeal.

 The Court of Appeals apparently based its decision on two grounds—the father forfeited his parental rights by failing to establish a substantial relationship with the child, and the best interests of the child would prevail over parental rights in any

event. The record does not support the first conclusion, and the second is not consistent with the established law of this state.

In *Nale v. Robertson*, 871 S.W.2d 674 (Tenn.1994), this Court held that the father of a child born out of wedlock has a fundamental interest in the care and custody of the child under both the federal and state constitutions; however, the father must take affirmative steps to develop a responsible relationship with the child before his interest is sufficient to acquire constitutional due process protection; and, if the father has admitted his paternity and has established a substantial relationship with the child, the state may not interfere with that relationship except to protect the child from substantial harm. *See also Davis v. Davis*, 842 S.W.2d 588, 598–600 (Tenn.1992); *Hawk v. Hawk*, 855 S.W.2d 573 (Tenn.1993).

This Court held in *In re Adoption of Female Child; Bond v. McKenzie*, 896 S.W.2d 546, 547–48 (Tenn.1995), that "in a contest between a parent and a non-parent, a parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substantial harm to the child. Only then may a court engage in a general 'best interest of the child' evaluation in making a determination of custody."

The proof in this case supports the trial court's finding that the father is not unfit to have custody, and that he has developed a substantial relationship with the child. It shows that the child is in no danger of substantial harm. The father, therefore, has a fundamental interest in parenting the child which precludes a "best interest" determination of custody.

The decision of the Court of Appeals granting custody to the grandmother, Louise Keene, is reversed, and Hugh Petrosky's petitions for custody and legitimization are granted.

Costs are taxed against the appellee, Louise Keene.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ., concur.