IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

F IL ED

November 24,
1998

Cecil Crowson,
Jr.
Appellate Court
Clerk

ASHLEY CHRISTINE OLEN and ) C/A NO. 03A01-9805-CV-00166
STEVEN MICHAEL OLEN, )
BY: THERESA E. OLEN, ) JOHNSON CIRCUIT
)
    Appellant, ) HON. G. RICHARD JOHNSON,
) JUDGE
v. )
)
ANGELA ARLENE OLEN ALTHERR, ) AFFIRMED
) AND
    Appellee. ) REMANDED

H. RANDOLPH FALLIN, Mountain City, for Appellant.

WILLIAM J. COCKETT, SMITH & COCKETT, Mountain City, for Appellee.

## O P I N I O N

Franks, J.

    In this child custody action, the minor children's stepmother sought custody after the death of her husband, who had been the custodial parent. The natural mother counter-claimed for custody, and the Trial Judge awarded custody to the natural mother. The stepmother has appealed.

    At the time the father and mother divorced, there was an award of joint custody of the children, with primary residential custody in the mother. Subsequently, the Kansas Social Service System took custody of the children, and in a subsequent

court hearing in Kansas, the Court determined that the mother had failed to properly care for the children and was "not economically or emotionally stable enough at the present time to properly care for the children", and changed the custody to the father and ordered the mother to pay $261.00 per month as child support.

On November 24, 1995, the father married Theresa E. Olen (stepmother). Following an evidentiary hearing, the Trial Court was highly complimentary of the stepmother in her love and care of the children. He also found that the natural mother kept in contact and maintained a relationship with the children. The Court also observed:

> Ms. Altherr (natural mother) doesn't have the education of the children's stepmother, but in spite of not having the education of the children's stepmother, and in spite of a real struggle in trying to keep in contact with the children and find out where the children were, there is no doubt in this Court's mind that she loves them just as much as Mrs. Olen.

The Court concluded that the issue was not the traditional best interest of the children test, but whether a child would suffer "substantial harm" if custody is awarded or retained in the natural parent *vis a vis* a non-parent.

The standard of review in child custody cases is *de novo* upon the record of the Trial Court with a presumption of the correctness of the Trial Court's findings, unless evidence preponderates otherwise. *Hass v. Knighton*, 676 S.W.2d 544, 555 (Tenn. 1984).

We affirm the judgment of the Trial Court in awarding custody of the two minor children to the natural mother. The evidence does not preponderate against the Trial Court's conclusion that the children are not in danger of substantial harm in their mother's custody. The Tennessee Supreme Court has held "in a contest between a parent and a non-parent, a parent cannot be deprived of the custody of a child unless there has been a finding, after notice required by due process, of substial harm to the child". *In re Adoption of Female Child, (Bond v. McKenzie)*, 896 S.W.2d 546-548

(Tenn. 1995). *Also see Hawk v. Hawk*, 855 S.W.2d 573 (Tenn. 1993). Only after a court finds "substantial harm to a child" may it "engage in a general 'best interest of the child' evalutation in making a determination of custody". *Id.*

The stepmother did not meet the burden of proof on the issue of substantial harm. The stepmother asserts that the children are in danger due to the lack of the mother's parenting skills, wilfull failure to pay support and failure to visit the children regularly, as well as being emotionally unstable.

The mother admits that her children were removed from her custody, but disputes that she does not possess parenting skills. She explained that the children were removed from her upon allegations of sexual abuse. The allegations came the day after she informed the father that she planned to move with the children, and the accused was acquitted of any wrongdoing. After the children were removed from her custody, the father continued to leave them alone in her care while he was at work. There was other evidence that her parenting skills were satisfactory, and the children interacted well with her. Her physicians were of the opinion that she did not have any psychological problems that would interfere with her care of the children.

The mother admits that she did not pay child support for several years, and claims that she could not afford to pay child support and visit her childrens, so she chose visitation. After she joined the navy she voluntarily started paying child support, and continued to pay support until she could not locate her children. At the time of the hearing the mother was earning income from two jobs, and intended to live with her parents for the time being, as there was ample room in that home for herself and her children. We affirm the award of custody to the natural mother and remand with the cost of the appeal assessed to the appellant.

_____

_____

Herschel P. Franks, J.

CONCUR:

_____

Don T. McMurray, J.

_____

Charles D. Susano, Jr., J.

4