IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 3, 2000 Session

## MITCHELL BLAIN BINGHAM v. TAMMYANNE BINGHAM

**Appeal from the Circuit Court for Hamilton County**
**No. 93DR3365    Samuel H. Payne, Judge**

**FILED NOVEMBER 16, 2000**

**No. E1999-01768-COA-R3-CV**

In this post-divorce case, Mitchell Blain Bingham filed a petition seeking the custody of his minor child. The trial court, instead, awarded the child's custody to the child's paternal grandparents, who, prior to the trial court's order awarding them custody, were not parties to the action and had not previously petitioned for custody. Both of the child's parents appeal the award of custody to the paternal grandparents. We vacate the trial court's judgment and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and D. MICHAEL SWINEY, JJ., joined.

W. Troy McDougal, Collegedale, Tennessee, and Richard Ducote, New Orleans, Louisiana, for the appellant, Tammyanne Bingham.

Sherry B. Paty, Chattanooga, Tennessee, for the appellee, Mitchell Blain Bingham.

Sandra J. Bott, Chattanooga, Tennessee, for the appellees, Dr. Sam Bingham and Mary Lynn Bingham.

### OPINION

I.

Mitchell Blain Bingham ("Father") and Tammyanne Bingham ("Mother") were divorced in April, 1994. Pursuant to their marital dissolution agreement, Mother was awarded custody of the parties' only child, Austin Blain Bingham (DOB: September 8, 1990). In March, 1998, Mother and the child moved from Chattanooga, Tennessee, to Kenner, Louisiana. Thereafter, Father filed this petition to modify, alleging a material change of circumstances warranting a change in the child's custody.

A hearing was held on June 22, 1999. The child's paternal grandparents, Dr. Sam Bingham and Mary Lynn Bingham ("the Binghams"), testified on behalf of their son. During their testimony, they were asked by the trial court if they would be willing to assume custody of the child. The Binghams indicated that they would accept custody.

At the conclusion of the proof, the trial court announced its findings from the bench. While not expressly finding either parent unfit, or otherwise finding the child to be at risk of substantial harm if his custody was awarded to one of his parents, the trial court determined that it would be in the child's best interest if custody were awarded to the child's paternal grandparents. An order was later entered awarding them custody of Austin. The same order decreed that they were made parties to this action.

Mother appeals, arguing (1) that the trial court erred in removing custody from her; (2) that the trial court erred in allowing the Binghams to intervene without proper notice to her; (3) that the trial court erred in awarding custody of the child to the Binghams without proper notice to her; and (4) that the trial court erred in not allowing the maternal grandparents to intervene or otherwise present evidence regarding their ability to care for the child. Father also appeals the award of custody to the Binghams. He further seeks an award of attorney's fees.

## II.

In this non-jury case, our review is *de novo* upon the record with a presumption of correctness as to the trial court's factual findings. Tenn. R. App. P. 13(d). We must honor that presumption unless the evidence preponderates otherwise. *Id.*; *see also* **Hass v. Knighton,** 676 S.W.2d 554, 555 (Tenn. 1984). The trial court's conclusions of law are reviewed *de novo* with no presumption of correctnesss. **Jahn v. Jahn,** 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996).

## III.

In **Davis v. Davis,** 842 S.W.2d 588, 600 (Tenn. 1992), the Supreme Court found that the Tennessee Constitution guarantees a right of privacy. This privacy right includes within its ambit the right of parents to care for their children. **Hawk v. Hawk,** 855 S.W.2d 573, 579 (Tenn. 1993). As the Supreme Court stated in **Hawk**:

> In light of this right to privacy, we believe that when no substantial harm threatens a child's welfare, the state lacks a sufficiently compelling justification for the infringement on the fundamental right of parents to raise their children as they see fit.

*Id.* at 577. Because parents have a constitutionally-protected interest in caring for their children, a court, in a custody dispute between a parent and a non-parent, may deprive a natural parent of custody of a child only upon a finding, after notice required by due process, of substantial harm to the child. **In re Askew (Lewis v. Donoho),** 993 S.W.2d 1, 4 (Tenn. 1999); **In re Adoption of Female**

*Child (Bond v. McKenzie),* 896 S.W.2d 546, 548 (Tenn. 1995) ("***Bond***"). It is improper for a court to award custody to a non-parent unless the court finds that *neither* parent is a suitable custodian. ***Bush v. Bush,*** 684 S.W.2d 89, 94 (Tenn. Ct. App. 1984).

The trial court in the instant case did not make a specific finding that an award of custody of the child to Mother or Father would result in substantial harm to the child. Rather, the trial court simply engaged in a "best interest" analysis and determined that an award of custody to the Binghams would be in the best interest of the child. We find that this was error. Only after a finding of substantial harm may a court engage in a "best interest of the child" analysis. ***Bond,*** 896 S.W.2d at 548. Absent a finding of substantial harm, we find that the trial court erred in awarding custody of the child to the paternal grandparents. In so holding, we express no opinion as to the fitness of any of the parties to this litigation to care for the child.

Upon remand, the trial court should first determine if there has been the requisite change of circumstances to warrant a re-examination of the issue of custody. If such a change is found by the trial court, it should go further and determine the comparative fitness of the child's parents to serve as the child's custodian. Only if the trial court concludes that there is a risk of substantial harm to the child regardless of which parent is awarded custody should it then go further and consider awarding custody to the Binghams or any other "suitable person" contemplated by T.C.A. § 36-6-101(a)(1) (Supp. 1999). We note that, upon remand, should any of the child's grandparents, including the Binghams, wish to seek custody of the child, they should be permitted to file an appropriate pleading in the trial court seeking custody.

Father also seeks attorney's fees on this appeal. We do not find that such an award is appropriate under the facts of this case.

Finally, the Binghams have filed a motion to consider post-judgment facts pertaining to Mother's alleged failure to provide for the child. The facts which the motion seeks to raise are not of the type that we can consider under Tenn. R. App. P. 14(a). Therefore, the Binghams' motion is hereby denied.

IV.

The judgment of the trial court is vacated. This case is remanded for further proceedings consistent with this opinion. Costs on appeal are taxed to the appellees, Dr. Sam Bingham and Mary Lynn Bingham.

_____
CHARLES D. SUSANO, JR., JUDGE