IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 12, 2001 Session

**JOHN KEVIN POORE v. SONYA JOYCE POORE**

**Direct Appeal from the Chancery Court for Hamblen County**
**No. 2000-247     Hon. Thomas R. Frierson, II., Judge**

**FILED FEBRUARY 5, 2002**

**No. E2001-01250-COA-R3-CV**

In this custody dispute, the Trial Court awarded custody of the children to the father who was not the biological parent of one of the children. We vacate the Judgment as to that child and remand with instructions to apply the correct analysis of the evidence as to the custody of the child.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Vacated in Part.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Leslie Richard Hunt, Clinton, Tennessee, for Appellant.

Edward R. Sempkowski, Morristown, Tennessee, for Appellee.

**OPINION**

In this divorce action, the Trial Court granted custody of three minor children to the husband, and wife has appealed and raised these issues:

1.     Did the Trial Court violate wife's constitutional rights when it granted parental placement of the wife's child to the husband who is not the child's natural father, without a finding of substantial harm to the child if placed with the wife?

2.     Did the trial court abuse its discretion when it designated the husband as the

primary residential parent of the parties two biological children?

After this action was filed, a hearing was held and temporary custody of the three children was awarded to the husband. Subsequently, at trial, the parties stipulated that they had participated in DNA testing which showed that husband was not the biological father of the middle child. At the conclusion of proof, the Trial Court found that one of the children was conceived as a result of an affair, but that neither parent had made any distinction in his or her love and support in caring for this child. The Court further found there were strong bonds between the siblings, that keeping the siblings together would promote the best interest of the children, and further that the best interest of the children would be served by making the husband the primary residential parent. The Court then ordered the wife to pay child support.

The Court, in making the custodial award, utilized the comparative fitness analysis, and made no distinction between the husband's biological children and the other child. The law of our State is clear, however, that different legal standards are applicable to custody disputes between two biological parents, and disputes between a biological parent and another. As this Court has previously explained:

> The comparative fitness analysis commonly associated with custody disputes between biological parents cannot be used because it fails to take into account that the custody claims of biological parents and the custody claims of third parties do not have the same legal weight. A biological parent's custody claims carry more weight than those of a third party because only biological parents have a constitutionally protected interest in raising their children.
>
> A biological parent's interest in the care, custody, and control of his or her child is among the oldest of the judicially recognized fundamental liberty interests. It is protected not only by the Due Process Clause of the Fourteenth Amendment, but also by Tenn. Const. art. I, §8. Accordingly, biological parents have a constitutionally protected interest in raising their children free from unwarranted state intervention.
>
> * * *
>
> Persons who are not a child's biological parent do not have the same constitutionally protected parenting interests possessed by a biological parent. Accordingly, when faced with competing custody claims by a biological parent and a third party, the courts must favor the biological parent. The courts cannot award custody to a third party instead of a biological parent unless the third party can demonstrate that the child will be exposed to substantial harm if custody is awarded to the biological parent. In other words, a biological parent cannot be denied custody unless he or she is found to be unfit.

*Ray v. Ray*, 2001 Tenn. App. LEXIS 746 (Tenn. Ct. App. Oct. 5, 2001)(citations omitted). *See also*

*In re Askew*, 993 S.W.2d 1 (Tenn. 1999); *Bond v. McKenzie*, 896 S.W.2d 546 (Tenn. 1995); *Petrosky v. Keene*, 898 S.W.2d 726 (Tenn. 1995); *Henderson v. Mabry*, 838 S.W.2d 537 (Tenn. Ct. App. 1992); *Moore v. Moore*, 1998 WL 758995 (Tenn. Ct. App. Oct. 30, 1998).

In this case, the Trial Court was required to make a determination whether the child would be exposed to substantial harm if custody was awarded to wife, the biological parent. The Court pretermitted this issue, and engaged in a comparative fitness analysis, as noted. During the trial, the husband's attorney attempted to elicit testimony regarding alleged questionable conduct of the wife, but the Court refused to allow this testimony, and gave the reason that he'd heard such testimony at the temporary custody hearing.

Since the Trial Court did not address the substantial harm question and applied the incorrect standard regarding the custody of this child, we vacate the Trial Court's Judgment as to the custodial award of this child, and remand for the Trial Court to hear further evidence on this issue and make a determination consistent with the standard set forth in this Opinion.

The wife argues that the Trial Court should have awarded her residential custody of the parties' other two children. Our standard of review of the initial custody determination is "*de novo* upon the record of the Trial Court, accompanied by a presumption of correctness of the findings, unless the preponderance of the evidence is otherwise." *Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984). Moreover, because custodial decisions are factually based and often are determined by the credibility of the witnesses, we are hesitant to reverse the trial courts' decisions because the trial judge was present and could observe the witnesses and judge their credibility. *Adelsperger v. Adelsperger*, 970 S.W.2d 482 (Tenn. Ct. App. 1997). Considering the factors enumerated in Tenn. Code Ann. §36-6-404(b) as the trial court expressly did in its custody determination, we find the evidence supports the Trial Court's grant of custody of the two children to the father.

The Trial Court found that both parents had "loving, affectionate and emotional ties" with the children, and that both could provide the children with food, clothing, education, and other necessities. The Court found that husband worked the night shift, but enjoyed the benefit of his parents caring for the children while he worked. The Court found that the oldest child did well in school and maintained regular attendance, also that the husband had served as the primary care giver during the parties' separation, and further that a "healthy rapport" existed between the children and husband's parents. The evidence supports these findings. The proof showed that the children had thrived while in husband's care, and were well-cared for and seemingly had all of their needs met. The evidence preponderates that the husband was the more stable of the two parents, and that his home would be a suitable place for the children to have the security and continuity they needed. There was no proof that husband did anything but encourage the children to have a relationship with their mother and we find that the evidence preponderates in favor of the custodial award of the two children to the father.

The Judgment of the Trial Court is affirmed in part, vacated in part, and the cause remanded with the cost of the appeal assessed one-half to John Kevin Poore and one-half to Sonya

Joyce Poore.

_____
HERSCHEL PICKENS FRANKS, J.