IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 8, 2008 Session

IN RE C.M.C.
MICHELLE MARIE CHAFFIN v. CHERYL LEATHERS ET AL.

Appeal from the Juvenile Court for Davidson County
No. 00071992      Betty Adams Green, Judge

_____

No. M2008-00329-COA-R3-JV - Filed September 30, 2008
_____

Mother of minor child appeals a juvenile court order rejecting her challenge to the validity of a 2004
order awarding custody of the child to maternal grandparents.  Mother argues that the 2004 order is
void because she did not receive notice of the proceedings and the order does not contain necessary
findings.  Mother further argues that the juvenile court erred in failing to give her a full hearing.  We
have determined that the appealed order arose out of dependency and neglect proceedings and,
therefore, must be appealed to the circuit court.

Tenn. R. App. P. 3 Appeal as of Right; Appeal Transferred to Circuit Court

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and
RICHARD H. DINKINS, JJ., joined.

Mary B. Langford, Nashville, Tennessee, for the appellant, Michelle Marie Chaffin.

James C. Bradshaw III, Nashville, Tennessee, for the appellees, Cheryl Leathers and Roy Leathers.

Linda Morgan Anderson, Guardian Ad Litem.

OPINION

Michelle Marie Chaffin ("Mother") is the mother of a minor child born in October 2001.  A
paternity action was filed in the Juvenile Court for Robertson County, and in February 2004, an order
was entered establishing paternity and setting the father's child support.[1]

_____

[1]None of the filings from the parentage action are included in the record on appeal.  The contents of the
February 2004 order were summarized by the Robertson County Juvenile Court in an order entered on July 14, 2004
regarding the instant custody dispute.

In May 2004, Cheryl Leathers and Roy Leathers, the child's maternal grandmother and grandfather ("Grandparents"), filed a Petition for Custody regarding the minor child. In an Amended Petition for Custody filed on June 29, 2004, Grandparents alleged that "there has been a substantial and material change of circumstances affecting the minor child" and that "the mother of the minor child has abandoned the child [at] the home of the Petitioners." On September 10, 2004, the Juvenile Court of Robertson County entered an order awarding custody of the child to Grandparents.[2] Mother did not appear at the hearing. The court's findings of fact included the following:

> Both of the minor child's natural parents . . . have been served with process and are properly before the Court.
> . . . .
> [Grandparents] have cared for the minor child since the Mother's abandonment on May 26, 2004 and have provided her with a stable home environment since her birth.

In April 2007, the child's father requested that the case be transferred to Davidson County based upon allegations that neither he, nor the child, nor Grandparents resided in Robertson County and that the child and Grandparents lived in Davidson County. The Juvenile Court for Robertson County ordered that the case be transferred to the Juvenile Court for Davidson County.

In May 2007, Mother filed a petition for temporary custody alleging that the minor child was a dependent and neglected child and requesting that Mother be granted sole custody of the child. Grandparents opposed Mother's petition. At an initial appearance before a juvenile court referee in June 2007, Referee O'Neil transferred the case to Referee Carlton Lewis. In his order, Referee O'Neil made the following notation:

> This Court has reviewed the filing and finds that the initial order of custody placing the child with the grandmother failed to find that the child was [in] imminent risk of harm. There was no allegation of abuse or neglect or prayer that the child be found neglected or dependent.

Mother thereafter filed a Motion to Determine Validity of Order asserting that Mother was not properly served with the Grandparents' petition and had no actual notice of the hearing in August 2004, and that the Robertson County order did not find the child to be dependent and neglected or at risk of substantial harm. The motion was heard on August 3, 2007. In an order entered on September 5, 2007, Referee Lewis stated that "the Davidson County Juvenile Court has previously held that the initial order of custody failed to make specific findings of dependency, neglect, or a risk of substantial harm." Referee Lewis ordered that custody of the child be placed with Mother. Grandparents filed a request for rehearing by the juvenile court judge pursuant to Tenn. Code Ann. § 37-1-107(1)(e).

_____

[2]The child's father appeared at the hearing and had no opposition to Grandparents' petition for custody. The court's order set visitation and child support for the father.

The juvenile court judge heard the case on January 24, 2008. The court's order entered on January 25, 2008, includes the following findings:

> The Court . . . finds that the September 10, 2004, Custody Order of the Robertson County Juvenile Court placing custody of the minor child . . . with the Respondent Cheryl Leathers [grandmother] is valid and is in full force and effect, for the following reasons:
>
> (a) Although a paternity action was commenced in Robertson County . . . and an Order of Paternity was entered on February 17, 2004 in that action, the Order did not address custody or visitation. Therefore, Judge Fagan's Order of September 10, 2004, was a valid custody determination in the initial parentage action in Robertson County, Tennessee.
>
> (b) The Court further finds that Judge Fagan clearly found that the 31 month old child had been left without parental supervision and abandoned by her Mother, Michelle Chaffin, and that Michelle Chaffin knew about the custody hearing and had been served with process . . . .

The court ordered that Referee Lewis's order be vacated and that custody of the minor child be with her grandmother, Ms. Leathers.[3] Mother filed a notice of appeal to this court.

### Jurisdiction over appeal

Although not raised by the parties in their briefs, we have determined that there is a threshold issue as to the appropriate court to hear this appeal. The resolution of this issue depends upon the basis for the juvenile court's jurisdiction to enter the original September 2004 order awarding custody to Grandparents.

Juvenile courts are courts of limited jurisdiction. *In re D.Y.H.*, 226 S.W.3d 327, 330 (Tenn. 2007). As discussed by the Davidson County Juvenile Court in its order of January 2008, there are two possible jurisdictional bases for the Robertson County Juvenile Court's September 2004 custody determination: a continuation of its paternity jurisdiction, or dependency and neglect jurisdiction. Cases decided under the juvenile court's parentage jurisdiction are appealable to this court, whereas orders arising out of dependency and neglect cases are appealable to the circuit court. *See* Tenn. Code Ann. §§ 37-1-159(a), (g); 36-2-315; *Dept. of Children's Servs. v. Owens*, 129 S.W.3d 50, 55 (Tenn. 2004) (any custody decision arising out of dependency and neglect proceedings must be appealed to circuit court); *In re Z.M.B.*, No. E2004-00380-COA-R3-JV, 2005 WL 94466, * 4 (Tenn. Ct. App. Jan. 11, 2005) (with the exception of dependency and neglect and delinquency cases, an appeal from juvenile court is to the Court of Appeals).

---

[3]Although it is not entirely clear from the record, it appears that Cheryl Leathers and Roy Leathers were divorced at the time of this order. Mr. and Ms. Leathers filed a joint brief as appellees in this appeal.

Tenn. Code Ann. § 37-1-104(f) provides that "the juvenile court has concurrent jurisdiction with the circuit and chancery courts of proceedings to establish the paternity of children born out of lawful wedlock *and to determine any custody, visitation, support, education or other issues regarding the care and control of children born out of wedlock.*" (Emphasis added). Prior to the enactment of this provision in Tenn. Code Ann. § 37-1-104(f), when juvenile courts had exclusive original jurisdiction over paternity cases, this court interpreted Tenn. Code Ann. § 37-1-103(c)[4] to give the juvenile courts continuing jurisdiction to decide later custody issues arising between the child's parents.[5]   *In re Z.M.B.*, 2005 WL 94466, at *4.  The current case, however, presents a different situation.  Here, we are dealing with a custody dispute involving the child's grandparents.

In *Smallwood v. Mann*, 205 S.W.3d 358 (Tenn. 2006), our Supreme Court dealt with the issue of a juvenile court's authority to adjudicate a petition for grandparent visitation.  The juvenile court had established the father's paternity in August 2001.  *Smallwood*, 205 S.W.3d at 360.  In February 2003, the grandparents of the minor child at issue filed a petition requesting visitation for themselves as well as for the father (who had given the grandmother a general power of attorney). *Id.*  The court set out the juvenile court jurisdictional provision in effect at the time the visitation petition was filed in February 2003 as well as the language of Tenn. Code Ann. § 37-1-104(f), which took effect on July 1, 2003.  *Id.* at 364.  The court then stated: "At issue is whether this provision extends the concurrent jurisdiction of the juvenile court beyond establishing visitation for parents, guardians, and legal custodians." *Id.*  Because the grandparent visitation statute[6] had been amended to provide that petitions under the statute were to be filed in circuit or chancery court, the court concluded that the juvenile court lacked jurisdiction.  *Id.* at 365.

In a previous decision of this court consistent with the result reached by the Supreme Court in *Smallwood*, this court reasoned:

It is unnecessary and illogical for the juvenile court to maintain jurisdiction over such persons [those brought into court for the purposes of legitimation proceedings without any question of dependency or neglect] for the determination of Grandparent Visitation Rights, which is an issue independent of the paternity proceeding and one

---

[4]Tenn. Code Ann. § 37-1-103(c) states, in part: "When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f)."

[5]Prior to July 1, 2003, Tenn. Code Ann. § 37-1-103(a)(2) gave the juvenile court exclusive original jurisdiction over all paternity cases.  Effective July 1, 2003, the provision of subsection (a)(2) of Tenn. Code Ann. § 37-1-103 establishing jurisdiction over paternity cases was deleted, and Tenn. Code Ann. § 37-1-104(f) was amended to add the language at issue here: "Notwithstanding any provision of law to the contrary, the juvenile court has concurrent jurisdiction with the circuit and chancery court of proceedings to establish the paternity of children born out of wedlock and to determine any custody, visitation, support, education or other issues regarding the care and control of children born out of wedlock."

[6]Tenn. Code Ann. § 36-6-306(a).

-4-

that is between adults. . . . Even though the children are the heart of the lawsuit [for grandparent visitation], the parties actually involved are adults, as it is the constitutional rights of the parents potentially being affected, not those of the children.

*Terry v. Botts*, No. 2000-01288-COA-R3-CV, 2001 WL 173207, *6 (Tenn. Ct. App. Feb. 22, 2001).

Grandparent custody, even more than grandparent visitation, implicates the constitutional rights of the parents. Our Supreme Court has held that "a natural parent may only be deprived of custody of a child upon a showing of substantial harm to the child." *In re Askew*, 993 S.W.2d 1, 4 (Tenn. 1999) (citing *Bond v. McKenzie*, 896 S.W.2d 546, 548 (Tenn. 1995)). Based upon the reasoning applied by the Supreme Court in *Smallwood* and the nature of the parentage proceedings, we have concluded that a juvenile court's continuing parentage jurisdiction would not apply to a petition for custody by grandparents.[7] Moreover, the September 2004 order of the Robertson County Juvenile Court in this case does not make any reference to the previous parentage determination or to a modification of any previous order.[8] It appears, therefore, that the juvenile court was not relying upon its exercise of jurisdiction in the parentage action to give custody to Grandparents.

In awarding custody of the minor child to Grandparents, the Robertson County Juvenile Court found that Mother had abandoned the child. The statutory definition of a dependent and neglected child includes a child "who is without a parent, guardian, or legal custodian." Tenn. Code Ann. § 37-1-102(b)(12)(A). Given the reasoning used by the Robertson County Juvenile Court to give Grandparents custody and the absence of any other basis for jurisdiction, we have concluded that the juvenile court was exercising its authority to determine dependency and neglect matters. *See* Tenn. Code Ann. § 37-1-103(a)(1). Mother's current dependency and neglect petition and the Davidson County Juvenile Court order ruling upon Mother's challenge to the validity of the September 2004 order arise out of the juvenile court's continuing dependency and neglect jurisdiction. *See In re D.Y.H.*, 226 S.W.3d at 331 (juvenile court retains continuing jurisdiction over subsequent modification of custody order from dependency and neglect action). It follows, then, that Mother's appeal of the Davidson County Juvenile Court decision should have been to the Circuit Court for Davidson County.

Tenn. Code Ann. § 16-4-108(a)(2) provides that, when a case has been appealed to the wrong appellate court, it should be "transferred to the court having jurisdiction thereof." *See In re Estate*

---

[7]The situation before this court is distinguishable from a parentage action brought by the grandparents under Tenn. Code Ann. § 36-2-305(b)(1)(B) & (C), where the parents of the mother may file a complaint to establish paternity of the child if the mother is a minor or where the parents of the male claiming to be the father may file a complaint to establish paternity if the purported father is a minor.

[8]In a July 2004 order extending an emergency order giving Grandparents temporary custody, the court modified the order of paternity regarding the father's child support obligation.

*of White*, 77 S.W.3d 765, 769 (Tenn. Ct. App. 2001).  Therefore, this appeal shall be transferred to the Circuit Court for Davidson County.  Costs of this appeal are taxed equally against appellant and appellees.

_____
ANDY D. BENNETT, JUDGE