# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 5, 2006 Session


## LINDA SMALLWOOD, ET AL. v. JESSICA MANN

**Appeal by Permission from the Court of Appeals**
**Gibson County Juvenile Court**
**No. 7197      Christy R. Little, Judge**

---

**No. W2004-02574-SC-R11-JV - Filed on November 7, 2006**

---

In this case, the paternal grandparents of a minor child whose parents were not married petitioned the Juvenile Court of Gibson County for an order of visitation for the father. After a hearing, the trial court granted the petition and entered an order awarding visitation to the grandparents conditioned on the father's unavailability. We accepted review of this matter pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure in order to determine whether the trial court's "conditional" order is governed by the statute allowing visitation rights to grandparents. Upon consideration, we have determined that the order entered by the trial court is, indeed, an order granting visitation to the grandparents and that the grandparents are not entitled to visitation under either the grandparents' visitation statute or through an "assignment" of the father's rights. Because section 36-6-306 of the Tennessee Code Annotated vests only the circuit and chancery courts with jurisdiction in grandparents' visitation matters, the Juvenile Court of Gibson County had no authority to adjudicate the issue of grandparent visitation. Accordingly, the judgment of the Court of Appeals is affirmed, the judgment of the juvenile court is reversed to the extent it awarded visitation to the grandparents, and the case is remanded to the juvenile court for dismissal.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed**

ADOLPHO A. BIRCH, JR., J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, JANICE M. HOLDER, and CORNELIA A. CLARK, JJ., joined.

Mark L. Agee and Jason C. Scott, Trenton, Tennessee, for the Appellants, Linda Smallwood and William Smallwood, on behalf of John Smallwood.

William D. Bowen, Milan, Tennessee, for the Appellee, Jessica Mann.

## OPINION

## I. Facts and Procedural History

Ms. Jessica Mann ("the mother") and Mr. John Smallwood ("the father") were unmarried persons. On January 18, 2000, their only child was born. On August 31, 2001, the paternity of the father was established by the Juvenile Court of Gibson County, and the parties agreed that the father would be allowed "reasonable visitation rights." Subsequently, the father enlisted in the United States Navy and was stationed out of the state. In 2002, the father granted a general power of attorney to his mother, Ms. Linda Smallwood ("the grandmother"), who is the appellant in this matter. Initially proceeding for the father under her general power of attorney in the juvenile court, the grandmother filed a petition to set visitation dates.[1] On March 14, 2003, the grandmother amended her petition to request visitation rights for the father pursuant to section 36-6-301 of the Tennessee Code Annotated and visitation rights for her husband and herself pursuant to section 36-6-306 of the Tennessee Code Annotated.

The mother filed a motion to dismiss the petition asserting that the juvenile court lacked subject matter jurisdiction over the issue of the grandmother's visitation rights. The juvenile court, without a hearing, amended the visitation rights of the father by specifying a schedule that included weekend, mid-week, and holiday visitation. It ordered "that the grandparents have the father's shared parenting visitation rights as amended . . . during the father's absence from Gibson County." The juvenile court stated that "if the original case was not filed in Circuit or Chancery Court . . . and the original paternity issue originated in this Court, the jurisdiction remains in this Court."

The mother petitioned the Court of Appeals under Rule 10 of the Tennessee Rules of Appellate Procedure for an extraordinary appeal, and her application was granted. On appeal, the Court of Appeals reversed the order of the juvenile court because "there was no evidentiary hearing to establish [the grandparents'] right to visitation." The case was remanded for further proceedings.

On remand, the grandparents retained counsel, and on August 6, 2003, a "Motion to Set Specific Visitation" was filed. Following a hearing on March 15, 2004,[2] the juvenile court again granted the father full visitation with specific instructions regarding visitation during the father's leave periods. Additionally, finding that the grandparents had failed to establish the statutory requirements for grandparents' visitation under section 36-6-306 of the Tennessee Code Annotated, the juvenile court denied the claim for independent grandparent visitation. However, the juvenile court ruled as follows:

---

[1] The initial petition for visitation was an undated single sheet of paper with the heading "Request for Visitation" followed by various dates and times. The petition did not list the father's, mother's, or child's name, nor their addresses, although the cover or docket sheet attached to the "request" listed the grandmother on behalf of the father as the plaintiff, and the mother as the defendant.

[2] As a preliminary matter to the hearing, the grandmother's husband was joined as a petitioner.

In the event that the father is unable to exercise personal visitation in any given calendar month, the paternal grandparents shall be entitled to exercise the father's shared parenting time the last full weekend of that calendar month commencing in April 2004.

The grandparents did not appeal the dismissal of the claim for independent grandparent visitation rights. The mother filed an appeal challenging both the conditional award of visitation to the grandparents and the juvenile court's subject matter jurisdiction over grandparent visitation. The Court of Appeals reversed the juvenile court's judgment as to the grandparents' visitation. It found the award of visitation to the grandparents, though conditional on the father's absence, to be controlled by statutes governing grandparent visitation, rather than by those governing a non-custodial parent's visitation. Consequently, the Court of Appeals concluded that the juvenile court's ruling that the statutory requirements for grandparent visitation had not been met precluded an award of visitation to the grandparents. Additionally, the Court of Appeals held that the juvenile court lacked subject matter jurisdiction to entertain a petition for grandparent visitation. We now consider the paternal grandparents' appeal of the intermediate court's decision.

## II. Standard of Review

Appellate review of a visitation order is governed by an abuse of discretion standard, with the child's welfare given paramount consideration. Eldridge v. Eldridge, 42 S.W.3d 82, 85 (Tenn. 2001). Review of questions of law, including issues of statutory construction, is de novo with no presumption of correctness attached to the judgment of the trial court. State v. Tait, 114 S.W.3d 518, 521 (Tenn. 2003) (citing Beare Co. v. Tenn. Dep't of Revenue, 858 S.W.2d 906, 907 (Tenn. 1993); Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993)).

## III. Analysis

The grandparents contend that the juvenile court's award of conditional visitation does not constitute an award of "grandparents' visitation"; thus, they are not required to meet the requirements of the grandparent visitation statute, and the question of the juvenile court's subject matter jurisdiction over grandparent visitation does not arise. We first address the contention that an award of visitation to grandparents that is conditional upon a parent's absence does not constitute an award of grandparent visitation. Two statutes are relevant to this inquiry.

Under section 36-6-301 of the Tennessee Code Annotated, barring the likelihood of endangerment to the child, a court is required to award visitation to a non-custodial parent: "After making an award of custody, the court shall, upon request of the non-custodial parent, grant such rights of visitation as will enable the child and the non-custodial parent to maintain a parent-child

-3-

relationship . . . ."[3]  In contrast, under the version of section 36-6-306 in effect at the time this visitation petition was filed in February of 2003[4] and under the current version of the statute, prior

[3] In full, the statute reads as follows:

> After making an award of custody, the court shall, upon request of the non-custodial parent, grant such rights of visitation as will enable the child and the non-custodial parent to maintain a parent-child relationship unless the court finds, after a hearing, that visitation is likely to endanger the child's physical or emotional health. In granting any such rights of visitation, the court shall designate in which parent's home each minor child shall reside on given days of the year, including provisions for holidays, birthdays of family members, vacations and other special occasions. If the court finds that the non-custodial parent has physically or emotionally abused the child, the court may require that visitation be supervised or prohibited until such abuse has ceased or until there is no reasonable likelihood that such abuse will recur. The court may not order the department of children's services to provide supervision of visitation pursuant to this section except in cases where the department is the petitioner or intervening petitioner in a case in which the custody or guardianship of a child is at issue.

Tenn. Code Ann. § 36-6-301 (2005).

[4] This statute provided:

> (a)  Any of the following circumstances, when presented in a petition for grandparent visitation to a court of competent jurisdiction, necessitates a hearing if such grandparent visitation is opposed by the custodial parent or parents: (1) The father or mother of an unmarried minor child is deceased; (2) The child's father or mother are divorced, legally separated, or were never married to each other; (3) The child's father or mother has been missing for not less than six (6) months; (4) The court of another state has ordered grandparent visitation; or (5) The child resided in the home of the grandparent for a period of twelve (12) months or more and was subsequently removed from the home by the parent or parents (this grandparent-grandchild relationship establishes a rebuttable presumption that denial of visitation may result in irreparable harm to the child).

> (b)(1)  In considering a petition for grandparent visitation, the court shall first determine the presence of a danger of substantial harm to the child. Such finding of substantial harm may be based upon cessation of the relationship between an unmarried minor child and the child's grandparent if the court determines, upon proper proof, that: (A) The child had such a significant existing relationship with the grandparent that loss of the relationship is likely to occasion severe emotional harm to the child; (B) The grandparent functioned as a primary caregiver such that cessation of the relationship could interrupt provision of the daily needs of the child and thus occasion physical or emotional harm; or (C) The child had a significant existing relationship with the grandparent and loss of the relationship presents the danger of other direct and substantial harm to the child. (2) For purposes of this section, a grandparent shall be deemed to have a significant existing relationship with a grandchild if: (A) The child resided with the grandparent for at least six (6) consecutive months; (B) The grandparent was a full-time caretaker of the child for

(continued...)

to granting a grandparent's request for visitation, a court must find "the presence of a danger of substantial harm to the child" if such visitation is denied, Tenn. Code Ann. § 36-6-306(b)(1) (2005), and determine whether such visitation would be in the "best interests" of the child, id. at (c). The reason for this distinction in visitation rights is well-established. Under both the United States and Tennessee Constitutions, parents have a fundamental right to the control and care of their children. Nash-Putnam v. McCLoud, 921 S.W.2d 170, 174 (Tenn. 1996) (citing Stanley v. Illinois, 405 U.S. 645 (1972); Hawk v. Hawk, 855 S.W.2d 573 (Tenn. 1993)). In custody disputes we have recognized that the natural parents' rights are superior to those of third parties unless the parent relinquishes his or her rights. Blair v. Badenhope, 77 S.W.3d 137, 141 (Tenn. 2002). Interference with this fundamental right is allowed only when there is a compelling state interest in doing so. Nash-Putnam, 921 S.W.2d at 174 (quoting Nale v. Robertson, 871 S.W.2d 674, 678 (Tenn. 1994)). Visitation rights arise from the right of custody and are controlled by the same constitutional protections. See George L. Blum, Annotation, Grandparents' Visitation Rights Where Child's Parents Are Living, 71 A.L.R.5th 99, 122 (1999). These constitutional protections are reflected in the statutes governing grandparents' visitation rights.

The juvenile court correctly ruled that under the facts of this case, grandparent visitation was not allowed under section 36-6-306, the grandparent visitation statute. This issue was not appealed. The juvenile court then awarded visitation to the father and provided that if the father is unable to visit for a month, then the grandparents could exercise visitation on the last weekend in the month. The grandparents assert that the court awarded no independent rights to visitation under section 36-6-306; they also assert that their visitation is derived from an assignment of the father's rights under section 36-6-301 through the general power of attorney granted by the father, and through the father's desire that the grandparents visit with the child while he is absent.

To the contrary, the juvenile court awarded grandparent visitation in excess of that allowed by statute or constitution. Clearly, section 36-6-301 is limited in application to visitation issues raised by a child's non-custodial parent. The purpose of section 36-6-301 is to ensure that an

---

[4](...continued)

a period of not less than six (6) consecutive months; or (C) The grandparent had frequent visitation with the child who is the subject of the suit for a period of not less than one (1) year.

(c) Upon an initial finding of danger of substantial harm to the child, the court shall then determine whether grandparent visitation would be in the best interests of the child based upon the factors in § 36-6-307. Upon such determination, reasonable visitation may be ordered.

(d)(1) Notwithstanding the provisions of § 36-1-121, if a relative or stepparent adopts a child, the provisions of this section apply. (2) If a person other than a relative or a stepparent adopts a child, any visitation rights granted pursuant to this section before the adoption of the child shall automatically end upon such adoption.

Tenn. Code Ann. § 36-6-306 (2001).

adequate parent-child relationship is maintained between "the child and the non-custodial parent." Tenn. Code Ann § 36-6-301. Even though the grandparents' visitation was included in an order for the father's visitation and conditioned upon the father's inability to exercise his visitation, the juvenile court, in essence, granted visitation rights to the grandparents. This is an erroneous resolution. It is at once apparent that the "conditional" visitation ordered by the juvenile court was neither in aid of the father's visitation nor an addendum to it. Rather, the order established grandparents' visitation fully and completely. While we understand the grandparents' position in this case, we note that maintaining the relationship between a grandparent and the child does not legally affect the parent-child relationship, and is not, therefore, encompassed by section 36-6-301. There is simply no statutory authority for allowing a non-custodial parent to "transfer" or "assign" his or her visitation rights to the grandparents. Accordingly, section 36-6-306 of the Tennessee Code Annotated provides the only vehicle available to establish the grandparents' visitation in this case.[5] Allowing a grandparent to procure visitation without first requiring a showing of harm to the child if such visitation is denied not only violates section 36-6-306 (b)(1) which specifically requires such a showing, it also constitutes an infringement on the fundamental rights of parents to raise their children as they see fit. See Hawk, 855 S.W.2d at 581.

Given our determination that this petition for grandparent visitation shall be determined under the requirements of the grandparents' visitation statute, the issue of subject matter jurisdiction surfaces. The question is whether the juvenile court has subject matter jurisdiction to hear and dispose of a grandparent's petition for visitation.

Subject matter jurisdiction, or the "'lawful authority of a court to adjudicate a controversy brought before it, . . . is conferred by the constitution and statutes . . . .'" Haley v. Univ. of Tenn.-Knoxville, 188 S.W.3d 518, 522 (Tenn. 2006) (quoting Kane v. Kane, 547 S.W.2d 559, 560 (Tenn. 1977) (citation omitted)). At the time the visitation petition was filed in February of 2003, the statutes provided that the juvenile court had exclusive original jurisdiction of "[a]ll cases to establish paternity of children born out of lawful wedlock; to provide for the support and education of such children, and to enforce its orders . . . ." Tenn. Code Ann. § 37-1-103(a)(2) (2001). Though subsection (a)(2) did not mention jurisdiction over visitation issues concerning parents or grandparents, subsection (c) provided for continuing jurisdiction over the case:

> When jurisdiction has been acquired under the provisions of this part, such jurisdiction shall continue until the case has been dismissed, or until the custody determination is transferred to another juvenile, circuit, chancery or general sessions court exercising domestic relations jurisdiction, or until a petition for adoption is filed regarding the child in question as set out in § 36-1-116(f). . . .

Id. at (c).

---

[5] Section 36-6-302 of the Tennessee Code Annotated also governs grandparents' visitation but applies to cases involving children who have been removed from the custody of their parents, guardian or legal custodian.

By amendment effective July 1, 2003, the provision of subsection (a)(2) establishing exclusive jurisdiction over paternity cases was deleted; at the same time, section 37-1-104(f) concerning the juvenile court's concurrent jurisdiction, was amended by adding the following:

> Notwithstanding any provision of law to the contrary, the juvenile court has concurrent jurisdiction with the circuit and chancery court of proceedings to establish the paternity of children born out of lawful wedlock and to determine any custody, visitation, support, education or other issues regarding the care and control of children born out of wedlock. The court further has the power to enforce its orders. Nothing in this subsection (f) shall be construed as vesting the circuit and chancery court with jurisdiction over matters that are in the exclusive jurisdiction of the juvenile court under § 37-1-103.

Id. This provision provides that the juvenile court has concurrent jurisdiction with the circuit and chancery courts over "any . . . visitation" issue regarding a child born to unmarried parents, "[n]otwithstanding any provision of law to the contrary." Id. At issue is whether this provision extends the concurrent jurisdiction of the juvenile court beyond establishing visitation for parents, guardians, and legal custodians. This question is resolved by review of the grandparents' visitation statute which was amended at the same time.

The statute in effect at the time the grandparents' petition was filed provided that a grandparent's visitation petition may be presented "to a court of competent jurisdiction," but that phrase was not defined. Id. at § 36-6-306(a) (2001). The 2003 amendments provide that unless the child has been removed from the parents' custody by the court,[6] a petition for grandparents' visitation is to be presented "to the circuit or chancery court of the county in which the petitioned child currently resides." Id. at § 36-6-306(a) (2005). This specific limitation to circuit or chancery court is controlling.[7] "When two statutes seemingly address the matter in question, and one is special and particular and the other is general, then the general statute will be construed so as to operate on all the subjects introduced therein except the particular one which is the subject of the special provision." State v. Davis, 173 S.W.3d 411, 415 (Tenn. 2005). The amendment to section 36-6-306 appears to clarify a legislative intent that circuit and chancery courts have sole jurisdiction

---

[6] The statute governing jurisdiction when a child has been removed from the parents' custody by the court was not amended; that statute still provides that "the court of competent jurisdiction" may consider a petition for grandparents' visitation. Tenn. Code Ann. § 36-6-302 (2001 & 2005).

[7] Though "procedural" changes in the law generally apply retrospectively to causes of action arising before such changes become law, see In re D.A.H., 142 S.W.3d 267, 273 (2004), where the pending action has gone beyond the procedural stage to which the amendment pertains, an amendment will not apply. See Workplace Sys. Inc. v. Cigna Prop. & Cas. Ins. Co., 723 A.2d 583, 584 (N.H. 1999). Thus, because the grandmother's petition was filed before the effective date of the 2003 amendments, the amended statutes, to the extent that they would affect jurisdiction, would not apply.

over grandparents' visitation petitions.[8]  Accordingly, we are constrained to conclude that the juvenile court did not have jurisdiction to grant grandparents' visitation.

## IV. Conclusion

We hold that the Juvenile Court of Gibson County erred in granting visitation to the grandparents through its "conditional" order and that the grandparents may not obtain visitation by way of an "assignment" of the father's visitation rights.  We further hold that the juvenile court did not have subject matter jurisdiction to hear and dispose of the petition for grandparents' visitation. We therefore affirm the judgment of the Court of Appeals and remand this case to the trial court for the entry of orders consistent with this opinion.  The costs of this appeal are taxed to the appellants, Linda and John Smallwood, and their surety, for which execution may issue if necessary.

_____
ADOLPHO A. BIRCH, JR., JUSTICE

---

[8] Whether the Legislature intended for all grandparent visitation petitions, including those pertaining to children whose parents were never married, to be filed in circuit or chancery court is unclear.  Juvenile courts are generally deemed not only the court with jurisdiction over all matters involving children whose parents are not married, but also the court most suited to preside over such issues.  Additionally, considerations  of judicial economy and the avoidance of the duplication of proceedings appear compromised by the removal of grandparent visitation petitions from juvenile court when concurrent jurisdiction of other matters relating to the child's custody and visitation remains there under section  37-1-104(f).  See Tenn. Code Ann. § 37-1-104(f) (2005) (giving juvenile court concurrent jurisdiction over paternity, custody, visitation, support, education, and "other issues regarding the care and control of children born out of wedlock").  We are not at liberty to ignore the plain meaning of a statute; however, if the Legislature did not intend to remove jurisdiction for grandparent visitation from juvenile courts in these cases, it may want to revisit this issue.  See, e.g., In re C.K.G., 173 S.W.3d 714, 730, n.9  (Tenn. 2005) ("[C]oncerning a variety of issues, this Court has invited legislative action or has reserved lawmaking as more appropriate for the legislature.").