IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 2, 2009 Session

## NORMAN B. WHITTON  v. M. JOSIAH  HOOVER, III.

**Direct Appeal from the Circuit Court for Loudon County**
**No. 2007-CV-162      Hon. Russell E. Simmons, Jr., Judge**

_____

**No. E2008-01769-COA-R3-CV - FILED NOVEMBER 19, 2009**
_____

Plaintiff sued defendant, his attorney, in Sessions Court to recover an attorney fee in the amount of $1,000.00 paid to defendant for legal representation.  His theories for recovery were for malpractice and breach of contract.  The Sessions Judge entered a Judgment for plaintiff and defendant appealed to Circuit Court.  The Circuit Court found that the contract which provided for a fee for certain legal services in the amount of $1,000.00 was unconscionable and entered Judgment for plaintiff for $1,000.00 plus other expenses.  Defendant appealed to this Court.  We hold on the evidence before us that the contract entered was not unconscionable, but upon the facts and law the amount of the fee was not reasonable and we reduce the fee to $500.00 and Judgment will be entered in favor of plaintiff for $500.00 upon remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Reversed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

M. Josiah Hoover, III., Knoxville, Tennessee, _pro se_.

**OPINION**

Plaintiff client sued defendant attorney in General Sessions Court for $1,000.00 and for punitive damage for breach of contract and legal malpractice.  The Sessions Judge entered Judgment for the plaintiff in the amount of $1,000.00 and defendant appealed to the Circuit Court.

The Trial Court's Judgment states in pertinent part:

> That the Defendant, an attorney, had represented Plaintiff previously, and on January 5, 2007 Plaintiff contacted Defendant to represent him in a bankruptcy lawsuit. Defendant sent a contract to Plaintiff which Plaintiff signed and based on the requirement for a 'non-refundable flat fee of One Thousand Dollars ($1,000.00)' paid One Thousand Dollars ($1,000.00) to Defendant. Defendant's position is that he filed a proof of claim which was all he had to do under the contract.

> The proof further showed that the debtor in the bankruptcy case was discharged on December 13, 2006. The further proof was that Plaintiff tried to communicate with Defendant, but Defendant never told Plaintiff that the debtor had already been granted a discharge. Plaintiff only found this out in June, 2007 by the bankrupts' attorney sending an Order of Discharge to Plaintiff.

> The Trial Court then held that the contract was unconscionable and could not be enforced and that the legal representation was of no benefit to plaintiff and the fee should be returned.

> On appeal, plaintiff did not file a brief. However, we waived the requirement of the Rule and allowed him to make an oral argument.[1] Both parties in oral argument argued facts that no evidence supports in the record before us. The defendant filed a narrative statement of the evidence which is scanty. Tenn. R. App. P. 24(c) requires the appellee, if he has objections to the statement to file objections to the statement of evidence within fifteen days. No objection was filed, and the Trial Court did not approve the statement of evidence. However, Tenn. R. App. P. 24(f) provides that under these circumstances the transcript "shall be deemed to have been approved and shall be considered by the appellate court. . . ."

> The statement of evidence and exhibits before us establish the following: On January 5, 2007, defendant mailed plaintiff a letter which states that plaintiff had asked defendant to represent him in the bankruptcy proceeding filed by Samuel A. Burnette and Athena J. Burnette, to enforce a creditor's judgment lien. The letter provided as to the fees, the following:

> > BASIS OF BILLING. Unless you and I have otherwise agreed, I will bill you on a monthly basis for expenses rendered in your behalf.

Then, the letter states:

> > ATTORNEY'S FEE. In this case, I shall require a nonrefundable flat fee of One Thousand Dollars ($1,000.00).

---

[1]Tenn. R. App. P. 35(a) provides that "no party may argue unless the party has filed a brief as required by these rules".

According to the statement of the evidence, plaintiff stated that the proof of claim in the bankruptcy court was to be filed on or before January 12, 2006, and defendant filed a proof of claim in the bankruptcy court on January 11, 2007. The defendant subsequently called the U.S. Bankruptcy Court to determine a date for the 341 creditors meeting, but the deputy clerk of the court advised the defendant that plaintiff had been sent a certificate of service showing that the plaintiff had been served through the U.S. mail. An exhibit in the record is a copy of "discharge of joint debtors" in the Burnettes' bankruptcy case which was dated 12/13/06 and signed by the Bankruptcy Judge, Richard Stair, Jr. The record also contained a notice of the first meeting of creditors in the bankruptcy case and there is no evidence in the record before us that the plaintiff did not receive the mailings from the Bankruptcy Court.

The Trial Judge determined that defendant was not guilty of malpractice and the issue before us is whether the plaintiff's fee contract was "unconscionable". The question of whether a contract is unconscionable is a question of law. *Taylor v. Butler*, 142 S.W.3d 277 (Tenn. 2004), and the contract is examined in the context of time in which it was made. *Id.* In *Haun v. King,* 690 S.W.2d 869 (Tenn. Ct. App. 1984), we quoted with approval the case of *Brenner v. Little Red Schoolhouse*, 302 N.C. 207l 274 S.E.2d 206 (1981) at p.210, as follows:

> A court will generally refuse to enforce a contract on the ground of unconscionability only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other. *Hume v. United States*, 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393 (1889); *Christian v. Christian*, 42 N.Y.2d 63, 365, N.E.2d 849, 396 N.Y.S.2d 817 (1977). In determining whether a contract is unconscionable, a court must consider all the facts and circumstances of a particular case. If the provisions are then viewed as so one-sided that the contracting party is denied any opportunity for a meaningful choice, the contract should be found unconscionable. *In re Friedman,* 64 A.D.2d 70, 407 N.Y.S.2d 999 (1978); *Colllins v. Uniroyal Inc.,* 126 N.J. Super. 401, 315 A.2d 30 (1973), *aff'd* 64 N.J. 260, 315 A.2d q6 (1974). *See, e.g.,* G.S. 25A-43(c).

In this case at the time the contract between the parties was entered the plaintiff was charged with having received notice that the Burnettes had obtained a discharge of their debts from the Bankruptcy Court, yet plaintiff asked defendant to file a proof of claim approximately one week before the deadline for filing the creditor's claim as represented by plaintiff. Defendant executed the contract by filing the claim, as invited by plaintiff. The Trial Court felt defendant should have checked with the Bankruptcy Court on the status of the bankruptcy before filing the claim, however, we note the Trial Court did not find defendant guilty of any malpractice and time was of the essence in filing the creditor's claim, as insisted upon by plaintiff.

We conclude that under all the circumstances, the contract was not unconscionable and reverse the Trial Judge on his holding. However, an attorney's fee and charges "shall be

3

reasonable". Rules of Supreme Court, Rule 8, R.P.C. 1.5. We conclude that $1,000.00 under the circumstances was not a reasonable fee for the legal services rendered by defendant. On the facts in this case and the applicable law, we conclude that a $500.00 fee would be reasonable. Accordingly, we remand for the entry of a Judgment of $500.00 for plaintiff against defendant and in our discretion we tax the cost of the appeal one-half to plaintiff and one-half to defendant.

 

_____
HERSCHEL PICKENS FRANKS, P.J.

4