IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 15, 2013

# IN THE MATTER OF BRIAN J. & NICOLE J.

**An Appeal from the Circuit Court for Fayette County**
**No. 12-CV-14     Weber McCraw, Judge**

---

**No. W2012-01944-COA-R3-JV - Filed June 4, 2013**

---

This case involves an appeal from juvenile court to circuit court. The maternal grandmother of the child at issue filed a petition in juvenile court against her daughter, seeking court-ordered visitation with her grandson. The respondent mother of the child filed an answer denying all of the grandmother's allegations and also filed a counter-petition for injunctive relief against the grandmother. The juvenile court granted the grandmother's petition for court-ordered visitation but did not adjudicate the mother's petition for injunctive relief. The mother then appealed to the circuit court. The circuit court dismissed the appeal for lack of jurisdiction. The mother now appeals. We affirm the decision of the circuit court, vacate the orders of the juvenile court based on subject-matter jurisdiction, and remand to the juvenile court, with specific instructions, for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Circuit Court Affirmed, Orders of Juvenile Court Vacated, and Remanded to Juvenile Court**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Nancy Leonard Harvey, Somerville, Tennessee, for the Respondent/Appellant, Kristen Gammell

Paul David Coombs, Eads, Tennessee, for the Petitioner/Appellee, Cynthia Gammell (no brief filed)

# MEMORANDUM OPINION[1]

Respondent/Appellant Kristen Gammell ("Mother") and Brian Jensen ("Father") have two children, a daughter born in July 2011 and the child at issue in this matter, a son born in May 2006 ("the child"). The appellate record indicates that Mother and Father are married.

For some periods of time in 2011, Mother and the children lived with the maternal grandmother of the children, Petitioner/Appellee Cynthia Gammell ("Grandmother"), and her husband ("Grandfather"). In November 2011, Mother and the children moved out of Grandmother's house and moved in with Father, purportedly because Grandfather drank heavily and was abusive to Grandmother. After Mother moved out, she discontinued the children's visits with Grandmother and Grandfather. At the time the initial petition in this case was filed, Mother and Father were living together with their children in a home in Oakland, Fayette County, Tennessee.

On January 18, 2012, Grandmother filed a petition in the Juvenile Court of Fayette County, Tennessee, seeking court-ordered grandparent visitation with the parties' son, but not with their infant daughter. Grandmother named only Mother, not Father, as the respondent in the petition. Grandmother alleged in the petition that she had maintained a significant existing relationship with the subject child for twelve months or more, that Mother denied her visitation, and that if the denial of visitation continued it "may result in irreparable harm" to the child.

On February 1, 2012, Mother filed an answer to Grandmother's petition, denying that Grandmother had a significant relationship with the child, but admitting that she had denied visitation to Grandmother. Mother asserted in her answer that she discontinued Grandmother's visits with the child "due to the dangerous environment at her home: the grandfather consumes large quantities of alcohol on a daily basis and uses extreme profanity while threatening the grandmother with scissors, pliers, and other tools."

---

[1]**Rule 10. Memorandum Opinion**

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

Mother also included in her answer a "Counter-Petition for Injunctive Relief" against Grandmother. In the counter-petition, Mother sought a temporary injunction, enjoining Grandmother "from calling, coming around, threatening, or having any contact with Mother." As grounds, Mother alleged that Grandmother had "threatened, harassed and stalked the Mother," made false reports that Mother abused her children, filed for an order of protection against Mother (but subsequently dropped the allegations), filed a report with the police alleging that Father was holding Mother against her will, and observed Mother as she picked up her children from school. Mother asserted in the counter-petition that Grandmother constantly called, texted, or spied on Mother.

On February 2, 2012, the juvenile court conducted a hearing in the matter. A transcript of the hearing is not included in the appellate record. On the day of the hearing, the trial court entered a written order granting Grandmother's petition for court-ordered visitation. The juvenile court awarded Grandmother visitation with the child every other weekend from 6:00 p.m. on Friday until 6:00 p.m. on Sunday.[2] The juvenile court's written order contained no findings of fact or conclusions of law to support the relief awarded to Grandmother. It stated that "[t]he paternal [sic] grandfather is prohibited from consuming alcohol during the weekend visits," but it included no other injunctive relief, and it did not address Mother's counter-petition.

On February 2, 2012, the same day the juvenile court entered its order, Mother filed an appeal of the juvenile court's decision to the Circuit Court of Fayette County.

The next day, February 3, 2012, Mother filed a motion in the juvenile court entitled "Motion to Dismiss Petition, Vacate Judgment and Relinquish Jurisdiction." In the motion, Mother argued that the juvenile court did not have jurisdiction to adjudicate a petition for grandparent visitation, because jurisdiction for such petitions rests solely in the circuit court or chancery court.

In April 2012, while the motion to dismiss for lack of jurisdiction was pending in juvenile court, the circuit court held a hearing on Mother's appeal from the juvenile court's February 2, 2012 order. The appellate record does not include a transcript of that hearing, but it does include a statement of the evidence filed pursuant to Rule 24(c) of the Tennessee Rules of

_____

[2]The original order provided that Grandmother had visitation with the child "every second weekend." On June 7, 2012, the order was amended "by agreement" to correct the clerical mistake and provide that Grandmother was entitled to visitation "every other weekend of each month."

Appellate Procedure.[3] The circuit court apparently issued a ruling in open court that it did not have jurisdiction over the appeal from juvenile court. Shortly thereafter, Mother filed a motion to alter or amend the circuit court's oral decision dismissing her appeal or, alternatively, asking the circuit court to transfer her appeal to this Court. She argued in her motion to amend that "the trial court was acting under its authority to hear domestic relations cases in General Sessions court, as granted to it by private act," so jurisdiction was proper under Tennessee Code Annotated § 27-5-108.

On May 18, 2012, the circuit court entered a written order dismissing Mother's appeal from juvenile court for lack of subject-matter jurisdiction.[4] The order did not explain the basis for the circuit court's decision. On June 4, 2012, the circuit court entered an order denying Mother's motion to alter or amend or to transfer the appeal to this Court.[5]

After the circuit court proceedings had concluded, on June 11, 2012, the juvenile court entered an order denying Mother's motion to dismiss Grandmother's petition for lack of subject-matter jurisdiction.[6]

Mother now appeals.

## ANALYSIS

On appeal, Mother raises several issues. She challenges the circuit court's dismissal of her appeal from juvenile court for lack of subject-matter jurisdiction. She also challenges the juvenile court's failure to dismiss Grandmother's petition for lack of subject-matter jurisdiction. Mother further argues that the juvenile court erred in awarding any court-ordered visitation to Grandmother; in the alternative, she argues that the juvenile court erred

---

[3]An "Amended Statement of the Evidence" was filed by Mother in the circuit court below. The Amended Statement of the Evidence was neither approved nor rejected by the circuit court, and the record contains no objection to it. Under Rule 24(f) of the Tennessee Rules of Appellate Procedure, a statement of the evidence is "deemed approved" if there are no objections and the trial court fails to take action within the prescribed time limits. *See Whitton v. Hoover*, 313 S.W.3d 262, 264 (Tenn. Ct. App. 2009).

[4]That order was entered *nunc pro tunc* as of April 13, 2012.

[5]That order was entered *nunc pro tunc* as of May 19, 2012.

[6]This order is stamped "filed" on June 4, 2012, but the juvenile court judge signed the order on June 11, 2012. The order was entered *nunc pro tunc* as of February 8, 2012.

in the amount of visitation awarded to Grandmother, effectively giving her the same status as an alternative residential parent.[7]

At the outset, we note that this case is rife with procedural irregularities.[8]  We address only the most important irregularities that are apparent in the record.

We must first determine whether we have appellate subject-matter jurisdiction over the case. Tenn. R. App. P. 13(b).  "[W]e have jurisdiction of the appeal to determine whether the trial court erred in dismissing [the a]ppellant's appeal from the juvenile court to the circuit court." *In re E.J.M.*, No. W2005-02520-COA-R3-CV,  2006 WL 2052713, at *2 (Tenn. Ct. App. July 25, 2006).

Although the circuit court's written order did not explain the basis for its dismissal of Mother's appeal, it is readily apparent that the February 2, 2012 juvenile court order that was appealed to the circuit court did not adjudicate "all the rights of all the parties," because the juvenile court failed to adjudicate Mother's counter-petition.  Rule 54.02 of the Tennessee Rules of Civil Procedure provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, *any order* or other form of decision, however designated, *that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties*, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

---

[7]*See Smallwood v. Mann*, 205 S.W.3d 358, 363 (Tenn. 2006) (holding that trial court erred in giving grandparents essentially the visitation of the absent noncustodial parent); *see also Lovlace v. Copley,* No. M2011-00170-COA-R3-CV, 2012 WL 368221, at *23 (Tenn. Ct. App. Feb. 3, 2012) ( concurrence in part and dissent in part) (concluding that it is error to treat grandparent visitation petition similar to petition by noncustodial parent because the two are fundamentally different), *perm app. granted* (Tenn. June 21, 2012).

[8]For example, Grandmother's petition names only Mother as the respondent, and does not name Father, even though he, as one of the custodial parents, would seem to be an indispensable party.  Inexplicably, the style of Grandmother's petition names both of the children born to Mother and Father, but she seeks court-ordered grandparent visitation as to only one of them.

Tenn. R. Civ. P. 54.02 (emphasis added).[9]  Therefore, an order that adjudicates fewer than all the claims between the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right.  *See* Tenn. R. App. P. 3.  A trial court may choose to direct the entry of a final judgment as to one or more but fewer than all of the claims upon an express determination that there is no just reason for delay, but the juvenile court did not do so in this case.

In the case at bar, the juvenile court did not adjudicate all of the rights and liabilities of all the parties, and it did not certify its order as final under Rule 54.02.  Consequently, the juvenile court's order is not final and appealable.  *Id.*  Therefore, we agree with the circuit court below that it did not have jurisdiction to hear an appeal of a non-final order of the juvenile court, and the case must be remanded to the juvenile court for further proceedings.

In addition, this Court is obliged to consider subject-matter jurisdiction even when it is not specifically raised.  Pursuant to that obligation, we are compelled to note that, from the record before us, it appears that the juvenile court lacks jurisdiction over Grandmother's petition for court-ordered visitation.  The Tennessee Grandparent Visitation Statute, Tennessee Code Annotated § 36-6-306, provides that a petition for grandparent visitation may be filed in juvenile court only "*in matters involving children born out of wedlock*." Tenn. Code Ann. § 36-6-306(a) (emphasis added).  The limitations set out in Section 36-6-306 govern the jurisdiction of the juvenile court.  *See Smallwood v. Mann*, 205 S.W.3d 358, 364 (Tenn. 2006) (holding that the juvenile court lacked jurisdiction under a previous version of the statute).[10]

---

[9]Rule 1(b) of the Tennessee Rules of Juvenile Procedure provides that the Tennessee Rules of Civil Procedure apply in certain types of cases, including "child custody proceedings under T.C.A. §§ 36-6-101, *et seq.*, 36-6-201, *et seq.*, and 37-1-104(a)(2) and (f)."  Though the Grandparent Visitation Statute, Section 36-6-306 is not listed in Rule 1(b), the application of the Rule is not limited to the types of cases that are specifically listed. From our review of the Rule, it is our view that the Tennessee Rules of Civil Procedure would apply in this case.

[10]In *Smallwood*, the Supreme Court was faced with a prior version of the Grandparent Statute, which provided that a grandparent visitation petition could be heard in "circuit or chancery court." *Smallwood*, 205 S.W.3d at 364.  In a footnote, the *Smallwood* Court expressed concern the fact that the statute did not give the juvenile court jurisdiction over grandparent visitation petitions, particularly when "[j]uvenile courts are generally deemed not only the court with jurisdiction over all matters involving children whose parents are not married, but also the court most suited to preside over such issues." *Id.* at n.8.  Perhaps in response to this comment in *Smallwood*, the General Assembly amended the Grandparent Visitation Statute effective July 1, 2007, to provide as it currently does, that a juvenile court also has jurisdiction over grandparent visitation petitions "in matters involving children born out of wedlock." Tenn. Code Ann. § 36-6-306(a).

The Statement of the Evidence filed by Mother in this case states specifically that Mother "is married to Brian Jensen, father of the children." If Mother and Father are married, the child at issue is not "born out of wedlock" and the juvenile court does not have jurisdiction under Section 36-6-306 to adjudicate Grandmother's petition for court-ordered visitation.

We are mindful that this conclusion is based on a statement of the evidence that is "deemed approved" under T.R.A.P.24(f). In light of this fact, we deem it prudent to vacate the juvenile court's orders and remand the case to the juvenile court, with specific instructions, instead of simply dismissing the entire matter outright.

Accordingly, we vacate the juvenile court's February 2, 2012 order granting Grandmother's petition for court-ordered visitation, and all juvenile court orders entered thereafter. On remand, the juvenile court's first order of business must be to adduce evidence from the parties and make the factual findings necessary to determine whether it has subject-matter jurisdiction over Grandmother's petition. The juvenile court may proceed to consider the merits of Grandmother's petition and Mother's counter-petition only if it makes the threshold determination that it has subject-matter jurisdiction.

One final instruction to the juvenile court is necessary. The juvenile court made no findings of fact or conclusions of law whatsoever in its resolution of Grandmother's petition for visitation, despite the specific elements required under the Grandparent Visitation Statute and the very serious allegations made by Mother in her answer to Grandmother's petition.[11] Rule 52.01 of the Tennessee Rules of Civil Procedure requires the following:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

Tenn. R. Civ. P. 52.01. Prior to July 1, 2009, trial courts were only required to make specific findings of fact and conclusions of law "upon request made by any party prior to the entry of judgment." *See Poole v. Union Planters Bank N.A.*, No. W2009-01507-COA-R3-CV, 337 S.W.3d 771, 791 (Tenn. Ct. App. 2010) (noting the amendment). The current version of Rule 52.01, however, requires a trial court to make these findings regardless of whether such a request is made by either party. *Id.* If, on remand, the juvenile court determines that

---

[11]The juvenile court's order ostensibly enjoined the grandfather from consuming alcohol during the child's court-ordered visits. The grandfather, however, was not a party to the proceedings in juvenile court.

it has subject-matter jurisdiction to adjudicate Grandmother's petition and Mother's counter-petition, the juvenile court is directed to include in its orders the findings of fact and conclusions of law required under Rule 52.01.

## CONCLUSION

The decision of the circuit court is affirmed. We vacate the juvenile court's February 2, 2012 order and the ensuing juvenile court orders. The case is remanded to the juvenile court for further proceedings consistent with this opinion. Costs on appeal are to be taxed to Appellee Cynthia Gammell, for which execution may issue, if necessary.

_____

HOLLY M. KIRBY, JUDGE