IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 20, 2018 Session

## MARVIN SEIBERS, ET AL. v. CAROL LATIMER

**Appeal from the Chancery Court for Campbell County**
**No. 2016-CV-127     Elizabeth C. Asbury, Chancellor**

————————————————————

**No. E2017-01285-COA-R3-CV**

————————————————————

This appeal involves a request for visitation by the maternal grandparents. The paternal grandmother had been awarded legal custody when the petition was filed. Before the trial, the children were adopted by the paternal grandmother. The trial court granted visitation pursuant to Tennessee Code Annotated section 36-6-302. We affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which D.MICHAEL SWINEY, C.J., and W. NEAL MCBRAYER, J., joined.

Jennifer Schrader Bjornstad, Knoxville, Tennessee, for the appellant, Carol Latimer.

Kevin C. Angel, Clinton, Tennessee, for the appellees, Marvin Seibers and Donna Seibers.

## OPINION

### I.     BACKGROUND

On August 5, 2016, Marvin and Donna Seibers ("Petitioners") filed a Petition for Grandparent Visitation seeking rights to visit two of Marvin Seibers' grandchildren, Milli (born in July, 2009) and Madin (born in August, 2012) (collectively, the "Children"). The Children were then in the custody of Carol Latimer ("Respondent"), the Children's paternal grandmother. With the involvement of the Tennessee Department of Children's Services ("DCS"), the Children were previously removed from the care of their

biological mother, who had unresolved substance abuse issues. Respondent had been awarded custody of the Children in 2010 and 2013, respectively. Since then, the Children have dealt with significant health issues, including anxiety and Encephalopathy secondary to in utero drug exposure. Both Children had improved in the years since being in Respondent's custody. At the time the petition was made, Respondent remained their legal custodian.

Petitioners' request for visitation stated that they had a previous relationship with the Children as maternal grandparents, but Respondent had purposely limited any interactions between them. Respondent denied those allegations in a later response and stated that she was in the process of adopting the Children. Respondent further alleged that Donna Seibers was not the Children's biological grandmother. On December 16, 2016, the Children were formally adopted by Respondent in a separate proceeding.

The trial court held a hearing concerning the Petition for Grandparent Visitation on February 27, 2017. Respondent testified that Petitioners supported her gaining custody of the Children, spoke with them occasionally on the telephone, and visited them three to four times a year. Mr. Seibers testified that he supported Respondent having custody but that Respondent only allowed Petitioners to visit the Children on her terms. Communications between Petitioners and the Children were halted after a video call where Milli called Mr. Seibers by his given name and began crying after Mr. Seibers repeatedly told her to call him "Paw." Respondent ended the call and refused to answer future calls from Mr. Seibers. Additional testimony established that Mrs. Seibers was not the Children's biological grandmother. Respondent and another witness also described tensions between Mrs. Seibers and Respondent when they were at Petitioners' home for Christmas in 2015. Respondent argued that the court should dismiss the motion for Petitioners' failure to establish any proof of danger of substantial harm to the Children pursuant to Tennessee Code Annotated section 36-6-306. The court denied the motion and instead considered the best interests of the Children as outlined in Tennessee Code Annotated section 36-3-302. While Respondent said she was not "indefinitely opposed" to the Children visiting Petitioners, she said she was in the best position to determine what was in the best interest of the Children and would allow contact "when the [C]hildren are ready." The trial court granted the petition that allowed Mr. Seibers supervised visitation that would transition into unsupervised visitation in June 2017.

Respondent filed a Motion to Alter or Amend the Judgment granting the visitation on April 13, 2017. In the motion, Respondent again argued that the trial court should have applied the standards of Tennessee Code Annotated section 36-6-306 to the case instead of Tennessee Code Annotated section 36-6-302. When the former statute was

applied under a substantial harm standard, Respondent argued that Petitioners' request for visitation would fail and should be dismissed. Petitioners filed a response asking the court to uphold its judgment and apply the plain language of Tennessee Code Annotated section 36-6-302 in its ruling. The court denied Respondent's motion of June 8, 2017. This timely appeal followed.

## II.    ISSUE

We consolidate and restate the issues raised on appeal by Respondent as follows:

Whether the court erred in applying Tennessee Code Annotated section 36-6-302 as opposed to Tennessee Code Annotated section 36-6-306 and -307 when deciding an issue of grandparent visitation when the Children have been removed from their original home and into the custody of their paternal grandmother.

## III.    STANDARD OF REVIEW

Findings of fact by a trial court are reviewed de novo upon the trial court's record. *Lovlace v. Copley*, 418 S.W.3d 1, 16 (Tenn. 2013). The findings are presumed to be correct unless the preponderance of evidence suggests otherwise. *Id.* Considerable deference should be given to a trial court when dealing with the credibility and weight of individual testimony, which can help determine a visitation matter. *Morrison v. Allen*, 338 S.W.3d 417, 426 (Tenn. 2011); *Battleson v. Battleson*, 223 S.W.3d 278, 282 (Tenn. Ct. App. 2006). "Review of questions of law, including issues of statutory construction, is de novo with no presumption of correctness attached to the judgment of the trial court." *Smallwood v. Mann*, 205 S.W.3d 358, 361 (Tenn. 2006).

Appellate courts review visitation orders granted by a trial court with an abuse of discretion standard, with the safety of the child given priority consideration. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). An abuse of discretion standard allows a trial court's ruling to be upheld when reasonable minds can disagree of the validity of a decision. *Id.* This standard prevents appellate courts from inserting their own judgments in place of those of trial courts. *Wright ex rel Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011).

## IV.    DISCUSSION

Respondent argues that the trial court erred in applying Tennessee Code Annotated section 36-6-302 instead of Tennessee Code Annotated section 36-6-306 and -307 while considering the petition for grandparent visitation.  Tennessee Code Annotated section 36-6-302 states:

> (a) (1) (A) If a child is removed from the custody of the child's parents, guardian or legal custodian; and
>
> (B)  If a child is placed in a licensed foster home, a facility operated by a licensed child care agency, or other home or facility designated or operated by the court, whether such placement is by court order, voluntary placement agreement, surrender of parental rights, or otherwise;
>
> (2)  Then, the grandparents of such child may be granted reasonable visitation rights to the child during such child's minority by the court of competent jurisdiction upon a finding that:
>
> (A)  Such visitation rights would be in the best interest of the minor child;
>
> ...
>
> (b)  This section shall not apply in any case in which the child has been adopted by any person other than a stepparent or other relative of the child.

Tenn. Code. Ann. § 36-6-302 *see also Smallwood*, 205 S.W.3d at 363, n.5.  The statute should not apply, Respondent argues, because the Children were in her care as a legal custodian at the time of the petition and as an adoptive parent at the time of the hearing. By applying Tennessee Code Annotated section 36-6-306 and -307, Respondent claims that Petitioners would fail to show the substantial harm to the Children as required to approve the petition.  Tennessee Code Annotated section 36-6-306 states:

> (a)  Any of the following circumstances, when presented in a petition for grandparent visitation to the circuit, chancery, general sessions courts with domestic relations jurisdiction, other courts with domestic relations jurisdiction or juvenile court in matters involving children born out of wedlock of the county in which the petitioned child currently resides, necessitates a hearing if such grandparent visitation is opposed by the custodial parent or parents or custodian or if the grandparent visitation has been severely reduced by the custodial parent or parents or custodian:
>
> (1)  The father or mother of an unmarried minor child is deceased;

- 4 -

(2) The child's father or mother are divorced, legally separated, or were never married to each other;

(3) The child's father or mother has been missing for not less than six (6) months;

(4) The court of another state has ordered grandparent visitation;

(5) The child resided in the home of the grandparent for a period of twelve (12) months or more and was subsequently removed from the home by the parent, parents, or custodian (this grandparent-grandchild relationship establishes a rebuttable presumption that denial of visitation may result in irreparable harm to the child); or

(6) The child and the grandparent maintained a significant existing relationship for a period of twelve (12) months or more immediately preceding severance or severe reduction of the relationship, this relationship was severed or severely reduced by the parent, parents, or custodian for reasons other than abuse or presence of a danger of substantial harm to the child, and severance or severe reduction of this relationship is likely to occasion substantial emotional harm to the child.

(b) (1) In considering a petition for grandparent visitation, the court shall first determine the presence of a danger of substantial harm to the child. Such finding of substantial harm may be based upon cessation or severe reduction of the relationship between an unmarried minor child and the child's grandparent if the court determines, upon proper proof, that:

(A) The child had such a significant existing relationship with the grandparent that loss or severe reduction of the relationship is likely to occasion severe emotional harm to the child;

(B) The grandparent functioned as a primary caregiver such that cessation or severe reduction of the relationship could interrupt provision of the daily needs of the child and thus occasion physical or emotional harm; or

(C) The child had a significant existing relationship with the grandparent and loss or severe reduction of the relationship presents the danger of other direct and substantial harm to the child.

...

(c) Upon an initial finding of danger of substantial harm to the child, the court shall then determine whether grandparent visitation would be in the best interests of the child based upon the factors in § 36-6-307. Upon such determination, reasonable visitation may be ordered….

Tenn. Code. Ann. § 36-6-306. The factors courts should consider when determining the best interests of a child are:

(1)  The length and quality of the prior relationship between the child and the grandparent and the role performed by the grandparent;

(2)  The existing emotional ties of the child to the grandparent;

(3)  The preference of the child if the child is determined to be of sufficient maturity to express a preference;

(4)  The effect of hostility between the grandparent and the parent of the child manifested before the child, and the willingness of the grandparent, except in case of abuse, to encourage a close relationship between the child and the parent or parents, or guardian or guardians of the child;

(5)  The good faith of the grandparent in filing the petition;

(6)  If the parents are divorced or separated, the time-sharing arrangement that exists between the parents with respect to the child;

(7)  If one (1) parent is deceased or missing, the fact that the grandparents requesting visitation are the parents of the deceased or missing person;

(8)  Any unreasonable deprivation of the grandparent's opportunity to visit with the child by the child's parents or guardian, including denying visitation of the minor child to the grandparent for a period exceeding ninety (90) days;

(9)  Whether the grandparent is seeking to maintain a significant existing relationship with the child;

(10)  Whether awarding grandparent visitation would interfere with the parent-child relationship; and

(11)  Any court finding that the child's parent or guardian is unfit.

Tenn. Code Ann. § 36-6-607. Petitioners argue that Tennessee Code Annotated section 36-6-302 was correctly applied and that the trial court accurately considered the best interest of the Children when granting their petition.

The issues of this appeal require the court to apply the general rules of statutory construction. The court's role in construing statutes is "to ascertain and give effect to legislative intent." *Schering-Plough Healthcare Prods. v. State Bd. of Equalization*, 999 S.W.2d 773, 775 (Tenn. 1999). When possible, legislative intent is to be ascertained from the natural and ordinary meaning of the language used without "forced or subtle construction that would limit or extend the meaning of the language." *Id.* When

- 6 -

legislative intent is presented without contradictions or ambiguities, courts cannot depart from the language of the statute. *Id.* at 775-76. Statutes which are *in pari materia*, or have a similar purpose or relate to the same subject matter, must be read together to give each statute its intended effect. *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015). Courts should aim to "adopt a reasonable construction which avoids statutory conflict and provides for harmonious operation of the laws." *Carver v. Citizen Utils. Co.*, 954 S.W.2d 34, 35 (Tenn. 1997). When two laws conflict, "a more specific statutory provision takes precedence over a more general provision." *Lovlace*, 418 S.W.3d at 20.

In the present case, the plain language of Tennessee Code Annotated section 36-6-302 indicates that statute can be applied to the present facts and that the adoption or custodianship does not prevent the application of the law. The Children were removed from their home by DCS and placed in Respondent's home as designated by the juvenile court, as required by the statute. *See* Tenn. Code Ann. § 36-6-302(a). Although the Children have been adopted, they were not adopted by a person outside of the family, which would prevent application of the statute. Respondent cites *In re Sidney J.* to claim that the substantial harm standard of Tennessee Code Annotated section 36-6-306 applies, but that case did not concern a child that had been removed from custody by the state, as required to apply Tennessee Code Annotated section 36-6-302. *Id.*, 313 S.W.3d 772, 779 (Tenn. 2010). Instead, the grandparents from *In re Sidney J.* had received temporary custody of the child and later petitioned to adopt her. *Id.* at 773-774. Further, the court in that case reviewed the petition under an abuse of discretion standard, which meant that the court's review required a mistake beyond the dispute of reasonable minds to overturn the ruling. *See id.* at 779; *see also Eldridge*, 42 S.W.3d at 85.

The language of the statute additionally clarifies Respondent's status as an adoptive parent. While Respondent argues that her status as a custodian (and later adoptive parent) would prevent the application of this law, the statute specifically describes cases where adoptions fall outside of the statute. When children are adopted by people who are not relatives or step-parents, the standards of Tennessee Code Annotated section 36-6-302 do not apply. Because Respondent is the paternal grandmother of the Children, the present case would not fall into this exemption, and the statute could work as correctly applied by the trial court.

Respondent further argues that the statute should not apply because she was the Children's legal custodian at the time the petition was filed. Respondent relies on a footnote of a Court of Appeals case which states that Tennessee Code Annotated section 36-6-302 would not apply when a child remains in the care of a legal guardian. *Green v. Evans*, No. M2011-00276-COA-R3CV, 2012 WL 1107887, at *9 n. 13 (Tenn. Ct. App.,

Mar. 30, 2012). That statutory construction, however, would limit this law to apply only when a child has no legal guardian or custodian. Further, the provision creating an exception for non-relative or step-parent adoptions would be irrelevant and unnecessary. If all adoptive parents and legal guardians could be exempted from the statute, a further exception for certain adoptions would have no value. Respondent's argument would require that Tennessee Code Annotated section 36-6-302(b) be ignored in some cases, which would lead the court to interpret the law beyond its unambiguous language. This court declines to do so.

While both Tennessee Code Annotated sections 36-6-302, -306, and -307 apply to grandparent visitation, analyzing the statutes together shows that Tennessee Code Annotated section 36-2-302 should apply given the present facts. When considered together, the specificity of Tennessee Code Annotated section 36-6-302, which applies only in cases of removal, would override the language of Tennessee Code Annotated section 36-6-306 that applies any time grandparent visitation is opposed by a parent or custodian of a child under various conditions. *See Smallwood*, 205 S.W.3d at 363, n.5. While Respondent argues that Tennessee Code Annotated section 36-6-306 should apply through a canon of constitutional avoidance, this court does not see both statutes as "equally plausible" interpretations that would allow this analysis to occur. *See Moorcroft v. Stuart*, No. M2013-02295-COA-R3-CV, 2015 WL 413094 at *10 (Tenn. Ct. App., Jan. 30, 2015). When applied together, Tennessee Code Annotated section 36-6-302 is the proper law to consider when petition for grandparent visitation is filed after a child has been removed from his or her parent, guardian, or custodian, as is shown in the present case. For these reasons, the trial court was correct in applying Tennessee Code Annotated section 36-6-302 in its analysis. Further, the trial court did not abuse its discretion in granting the petition for grandparent visitation as in the best interest of the Children. Accordingly, we affirm the court's granting of the petition. The trial court's opinion also stated that Tennessee Code Annotated section 36-6-306 could not apply to Respondent, as she was not a parent, but a legal custodian, when the petition was originally filed. However, the law applies when a child is born out of wedlock and grandparent visitation is opposed by "the custodial parent or parents or custodian" of the child. Tenn. Code Ann. § 36-6-306(a). While the trial court erred in saying that Tennessee Code Annotated section 36-6-306 does not apply to Respondent, that error is harmless in this ruling and would not affect the application of Tennessee Code Annotated section 36-6-302.

## V.    CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for further proceedings as necessary.  Costs of the appeal are taxed to appellant, Carol Latimer.

_____
JOHN W. MCCLARTY, JUDGE